### J. C. MYERS v. CITY OF ASHEVILLE.

(Filed 20 May, 1914.)

**Municipal Corporations—Sidewalks—Negligence—Trials—Evidence —Nonsuit.**

> In an action for damages brought against a city for an injury alleged to have been negligently inflicted on the plaintiff, arising from the improper condition of its sidewalks, it was shown that the injury complained of occurred at a point where there was a paved sidewalk 5 feet wide and an extension of the surface at same level for 4 feet into the lands of a private owner where the injury was received, and at night, but the place was sufficiently well lighted to disclose the happening of the accident to a third person some 90 or 100 feet distant, without evidence of any obstruction on the sidewalk which could have caused the injury: *Held*, the evidence disclosed nothing from which any negligence on the city's part could be inferred, and a motion to nonsuit was properly granted.

APPEAL by plaintiff from *Justice, J.,* at February Term, 1914, of BUNCOMBE.

Civil action to recover damages for injuries caused by alleged negligence on part of defendant.

At the close of plaintiff's testimony, on motion duly entered, there was judgment of nonsuit, and plaintiff excepted and appealed.

*Fortune & Roberts for plaintiff.*
*Bernard & Johnston for defendant.*

HOKE, J.  The written-demand, within ninety days, required by the charter of the city of Asheville, seems to have been sufficiently definite, but we do not think that the facts in evidence permit the inference of culpable negligence on the part of the authorities.

From a perusal of the testimony, it appears that, in November, 1912, plaintiff, attempting to go along Ralph Street, an established thoroughfare of the city, wandered off the sidewalk and was injured by falling from a wall 4 to 4½ feet high, on a private lot, and dislocated his knee, causing him great pain and preventing him from work for a time; that at this point there was a concrete walk 5 feet wide and a surface on same level extending into the lot to the edge of the wall, making a width there of something like 9 feet.  True, plaintiff testifies that this was just after dark, and says also that there was a peg or some inequality above the ground over which he thinks he stumbled, but the testimony fails to show that the obstruction was on the walkway, and the evidence further shows that there was a city light not far away and which enabled a witness for plaintiff, George Chambers, going in the same direction, to see plaintiff when he fell, a distance of 90 or 100 feet.

Under the conditions shown to exist by the evidence, we do not think that the municipal authorities could foresee that such an injury was likely to any one reasonably attentive to his movements, or that there was any departure from that standard of duty imposed by our decisions on a city in the care or supervision of the streets.  *Alexander v. Statesville, ante,* 527; *Smith v. Winston,* 162 N. C., 50; *Fitzgerald v. Concord,* 140 N. C., 110.

We are of opinion that there was no error in entering the judgment of nonsuit, and same is

Affirmed.