CITY OF RALEIGH v. NORTH CAROLINA RAILROAD COMPANY.

(Filed November 26, 1901.)

1. NEGLIGENCE—*Joint Tort Feasors—Liability—Railroads—Damages.*

Where judgment is obtained against a city for injuries caused by an obstruction placed in a street by a railroad company, the railroad company is liable to the city for the amount of the judgment.

2. LEASE—*Railroads—Lessee—Negligence.*

A railroad company leasing its road is liable for the acts of its lessee.

ACTION by the City of Raleigh against the North Carolina Railroad Company, heard by Judge *H. R. Starbuck,* at April Term, 1901, of the Superior Court of WAKE County. From a judgment for the plaintiff, the defendant appealed.

*W. L. Watson,* and *T. M. Argo,* for the plaintiff.
*F. H. Busbee,* for the defendant.

CLARK, J. Hattie N. Dillon was injured by defendant's lessee, the Richmond and Danville Railroad Company, in causing an obstruction on the street of the city of Raleigh where the defendant's track crosses it, which obstruction was continued by defendant's present lessee up to the time of the aforesaid injury. When the aforesaid obstruction was placed there, the Street Commissioner of plaintiff told Adams, who was acting for defendant's lessee aforesaid in placing the obstruction, that it was dangerous, and reported the fact to the Chairman of the Street Committee of the Board of Aldermen of the city, who had the same conversation with Adams.

In an action by Hattie N. Dillon, she recovered judgment against the city, which was affirmed on appeal, *Dillon*

*v. Raleigh,* 124 N. C., 184, in which it was held that the party causing such obstruction, and the city, by permitting it, became liable jointly for the *tort;* that the party injured might sue either, and the question of primary or secondary liability is for them to adjust between themselves. The city of Raleigh, upon being sued, at once notified the North Carolina Railroad Company of the action and its nature, and invited it to join and aid to defend the action, which the company declined to do. This action is to recover from it the sum paid by the city for the judgment and costs in the aforesaid action.

The point now raised has been recently and fully discussed and determined in *Brown v. Louisburg,* 126 N.C., 701, 78 Am. St. Rep., 677. This case is stronger for the city, in that here it did make objection to the placing of the obstruction. The plaintiff and defendant did not concur in creating the *tort,* and are not co-delinquents. The defendant is liable primarily as the actor in placing the obstruction, and the city secondarily for not causing its removal.

The point that the defendant is liable for the acts of its lessee is settled by *Aycock v. Railroad,* 89 N. C., 330 ; *Logan v. Railroad,* 116 N. C., 940, and a dozen or more cases affirming the same. Upon the facts found, judgment was properly entered against the defendant.

No Error.