## NEAL v. TOWN OF MARION.

(Filed December 17, 1901.)

1. NEGLIGENCE—*Municipal Corporations—Towns and Cities—Sidewalks—Streets.*

Under the evidence in this case the defendant is held liable in damages for the injury to the plaintiff caused by a defective sidewalk.

2. CONTRIBUTORY NEGLIGENCE—*Negligence—Instructions.*

The charge of the trial judge in this case as to negligence and contributory negligence is sustained.

· ACTION by Lizzie C. Neal against the Town of Marion, heard by Judge *M. H. Justice* and a jury, at August Term, 1901, of the Superior Court of McDOWELL County. From a judgment for the plaintiff, the defendant appealed.

*Justice & Pless,* for the plaintiff.
*Geo. F. Bason,* and *J. T. Perkins,* for the defendant.

MONTGOMERY, J.    The plaintiff, in her complaint, alleged
that upon her arrival at the depot of the Southern Railway
Company, in Marion, at 12 o'clock at night, she started,
walking, to her home along a pathway in the town on the
north side of the street leading towards her home, when she
fell into a deep hole in the pathway, negligently left there
by the town authorities, and sustained severe personal inju-
ries.    In the answer of the defendant it was averred that
the plaintiff "knew of her own personal knowledge that the
north side of said thoroughfare was not constructed, or pre-
pared or intended to be used by foot passengers, and that the
corporation of Marion had provided a sidewalk for foot pas-
sengers on the south side thereof, of easy access and perfectly
safe.    And this defendant further alleges that the plaintiff
had knowledge of the excavation, and voluntarily and care-
lessly, through inadvertence and indifference to exercise due
care, and negligently and for convenience refused to go upon
the sidewalk prepared for foot passengers, and took the chance
of the dangerous path that led over the washout, and was in-
jured, if at all, by her own contributory negligence."

The statement of the case on appeal at the former hearing,
126 N. C., 412, contained the testimony of only one of the
witnesses, J. L. Morgan, who was or had been an alderman
of the town.    The substance of his testimony was that the
side of the street (north side) on which the plaintiff was in-
jured, had been abandoned by the town as a walking-way for
pedestrians since 1889 or 1890, and that a good and safe
sidewalk was at that time constructed on the south side of
the street; that there were holes in the pathway along the
north side of the street at and before the time of the plaintiff's

injury, and that no person could have walked along that path-way without seeing the holes.

It appeared also in the case that the plaintiff was a resident of the town, and had walked along that pathway very frequently.

On the first trial of the case, his Honor instructed the jury "that though the plaintiff may have known of the existence of this defect prior to this time, yet the Court further charges you that she is not required to carry around in her memory the defect in the street, and if she may have known of its existence at the time, she did not think about it, and was injured, that would not be contributory negligence."

We said that that instruction was erroneous in the light of the evidence in the case, which tended to show that she was acquainted with the street, and that there were dangerous holes in it at and before the time of her injury, that it had been abandoned by the town as a walking-way, that she went upon that pathway in the night time and when she knew that on the other side of the street there was a good and safe sidewalk. In the conclusion of the opinion in the former case, this Court used language which seems to have misled the defendant's counsel, judging from the manner in which the case was last tried. The language referred to was as follows: "But, besides, if the authorities of a town make and keep in repair a good sidewalk on one side of a street and leave on the other side an abandoned and neglected walk, and those facts are known to a person who chooses in the night time to walk along the neglected path instead of upon the safe walkway, and such person be injured by reason of a defect in the path along which she chooses to walk, then there is contributory negligence on the part of the injured person, to say the least, and there can be no recovery for the injury sustained." That was an instruction that we thought ought to have been given upon the hypothesis of the evidence of the witness Mor-

gan, in that case as it was then presented; but of course it is not the only view of the case in its present shape.

But the defendant's counsel regarded the closing words of the former opinion as a decision that the conditions of the hypothesis were admitted, or proved without contradiction; whereas, we simply meant to say that the question should be submitted to the jury on that view of the law and the evidence. As we have said, the evidence of the witness Morgan alone was printed in the former case, and it presented a very strong case for the defendant.

The case on the present appeal, however, contains the whole evidence, and is very much changed in its aspect. It all tends to show that since 1889 or 1890, notwithstanding there has been a good and safe sidewalk on the south side of the street, and that no sidewalk has been kept up on the north side, yet people generally, with the knowledge of the town authorities, and without their disapproval, have been since that time constantly using, day and night, the north side of the street as a walking-way to and from the depot, and that the town has worked and repaired it for the use of the people as a walking-way and driving-way for vehicles. All the exceptions of the defendant as to the evidence are founded on the supposition that the right of the plaintiff to recover was decided against her by the concluding sentences of the former opinion, which we have referred to in this opinion, and they can not be sustained, for the reasons we have herein given. We have carefully gone through the charge of his Honor, and find no error. Neither was there error in his refusal to give those of the defendant's prayers which were declined, nor in giving such of the plaintiff's as he gave.

The substance of his Honor's charge on the issue of defendant's negligence was, first, that the law requires cities and towns to keep their streets and sidewalks in safe condition, and on failure to do so, if injury occurs without negligence

on the part of the injured party, liability would attach to the town or city for such injury; second, that where a town or city attempts to keep up a street by working and repairing it, and voluntarily allows the street to remain with dangerous holes or excavations, with knowledge at the same time that that part of the street is being used as a walkway, generally, the municipality would be negligent; third, that the keeping up a sidewalk on one side of the street would not relieve a town or city from liability where a person should be injured by falling into a hole negligently allowed to remain in another part of the street, though not a sidewalk, and over which people generally passed on foot with the knowledge on the part of the municipal authorities.

His charge on the alleged contributory negligence of the defendant was, in substance, first, that though the defendant might be guilty of negligence, the plaintiff could not recover if she negligently exposed herself to danger; second, that if the place where she was injured was an abandoned or neglected sidewalk, and a safe one had been built on the other side of the street, and she had knowledge of these facts, and in the night time chose to walk along the neglected path and was injured by falling into a hole, then she contributed to her own injury, and could not recover; third, that if the town from time to time repaired that part of the street where she was hurt, and the public generally had used it as a footway with the knowledge of the town authorities, then it was the duty of the town to keep the street in safe condition, and the plaintiff would have the right to walk along it, unless she knew, or had reason to believe, that it was unsafe or had been abandoned; fourth, that the law does not require the municipal authorities to construct two sidewalks on each street, nor even one, but it does impose on it the duty to keep the streets in safe condition, and if it negligently leaves any of its public streets in a dangerous condition, it would be negli-

gent and liable to persons who became injured thereby without fault or negligence on their part.

The prayers of the plaintiff for special instructions given were, in substance, as follows:   1. That a person has the right to assume that the authorities of towns or cities have used reasonable care to keep their streets in proper condition for foot passengers as to those portions of streets which are apparently used for footways, and which the public use for footways with the knowledge of the authorities.   2. If there be a walkway, although not a sidewalk, and a person should be injured while traveling along the same at night, not knowing that the walkway was in a dangerous condition, he would not be guilty of contributory negligence, if the way had been used from time to time by the public generally with the knowledge of the town authorities.   3. That a place in a street used by the town authorities and the public, can not be abandoned by town or city so as to put persons on notice not to use it, without some action on the part of municipal authorities showing that it had been abandoned as a walkway, as long as it continues to be used and has the appearance of being safe.   4. That the building of a sidewalk on one side of a street is not necessarily a notice of a purpose, on the part of the town authorities, to abandon a walkway on the opposite side of the street.   5. That a sidewalk does not depend on guttering or ditches, but a walkway without such markings may be used by the public with the knowledge of a town or city so as to justify one in assuming that it is a walkway.

The defendant tendered seventeen prayers for special instructions intended to procure rulings of his Honor to the effect, first, that the construction of a sidewalk on only one side of the street is notice to pedestrians not to walk on the opposite side where there is no sidewalk, although there may be evidence going to show that the people generally have used, night and day, without disapproval of the municipal author-

ities, as a footway, the other side of the street, and that the town has repaired and worked the whole street; second, that a person is negligent who uses any part of a street as a walkway, unless the same is laid off in some manner, as by curbing, ditches, gutters, or a line of trees, to indicate where the walkway ends and the driveway begins; third, that if a town constructs a sidewalk on one side of the street, and does not make a sidewalk on the other side of the street, no use, however extensive, by the public of that other side as a footway can make it a walkway, so as to make the town liable for injuries on account of defects; fourth, that a person would be negligent who knew that there was a good sidewalk on one side of the street and none on the other side, and chose to walk in the night time where there was no walking-way, and was hurt; fifth, that if a person knew of a hole in a footway, not a sidewalk, and when there was a good safe sidewalk on the other side of the street, and attempted to pass in the night time, that person would take the risk and could not recover, even if he had forgotten the existence of the hole.

His Honor properly refused to adopt the first, second and third of the propositions, as we have arranged them, and properly gave the fourth and fifth.

Affirmed.