E. J. WHITE v. CITY OF NEW BERN.

(Filed 18 December, 1907).

1. **Negligence—Cities—Sidewalks—Obstructions.**

Where an obstruction by the projection of steps to residences upon the sidewalk of a city is of a wrongful character, a city government can neither validate it by grant nor sanction it by acquiescence; and, having the power, in the exercise of its ministerial functions, of summary abatement, the city is responsible to an individual who is injured by its existence, when the injured person is himself in the exercise of due care.

2. **Same—Cities—Sidewalks—Obstructions—Acquiescence.**

It is no defense to an action against a city for personal injury received without fault of plaintiff, occasioned by the improper projection of steps to residences upon the sidewalk, whereon plaintiff, on a dark, drizzly night, struck his foot and was injured, to attempt to show that such projection had been sanctioned by a long, continuous custom for thirty years.

3. **Same—Cities—Sidewalks—Obstructions—Knowledge.**

When a wrongful obstruction of a sidewalk of a city, by the projection of steps to residences along it, has been shown to exist for thirty years, the city is presumed to have knowledge thereof.

4. **Same—Cities—Sidewalks—Obstructions—Lights.**

Temporary obstructions or permanent conditions may be such, in the absence of light at a particular locality, as would import negligence; but, when the streets of a municipality are otherwise reasonably safe, neither the absence of lights nor defective lights is in itself negligence, but is only evidence on the principal question, whether at the time and place where an injury occurs the streets were in a reasonably safe condition.

5. **Same—Cities—Sidewalks—Obstructions—Duties—Instructions.**

When there was evidence to support it, it was error in the court below to refuse to instruct the jury that the city was not liable, absolutely, for the defects in its streets or sidewalks, and, therefore, the mere existence of such defects was not sufficient to consti-

tute a cause of action. The city is not held to guarantee safety, but is only held to provide a reasonably safe way of travel, and the ground of liability to a private party for injury while passing over the sidewalks or streets is only for negligence or neglect, and the mere existence of an obstruction or defect is insufficient. To constitute negligence it must be shown that the authorities of the city had notice of the defect or obstruction and had the power to remedy the same, but failed to do so.

(*Fitzgerald v. Concord*, 140 N. C., 110, cited and approved).

CIVIL ACTION, tried before *Neal, J.*, and a jury, at May Term, 1907, of the Superior Court of CRAVEN County.

There was evidence tending to show that, on the night of 23 June, 1906, plaintiff, going along Middle Street, one of the public streets of the city of New Bern, struck his right foot against some steps which projected in front of a residence and into the sidewalk of said street. These steps extended about four feet onto the sidewalk, leaving something like five or six feet of passway between the bottom step and the driveway of the street, and they had existed so in this and other portions of the city for as much as thirty years; that it was a dark and drizzly night on this occasion, and the public lights were out at the time. Plaintiff testified that the lights were out on the night of the injury, and had been frequently going out for several months prior to that time; that the city owned the light plant and sold light to private persons for gain. There was no testimony that the streets were not reasonably safe, except as to the existence of the steps and the absence of, or defective, lighting.

On issues submitted, and under the charge of the court, the jury rendered a verdict that defendant was guilty of actionable negligence; that plaintiff was at the time in the exercise of proper care, and awarded substantial damages for the injury.

Judgment on the verdict for plaintiff, and defendant excepted and appealed, and assigned for error: "(4) That the court erred in its refusal to give the first prayer for instruc-

tions of defendant, as follows: That a municipal corporation is not bound to light the streets at night; that while its charter may confer the power, this power is of a governmental and discretionary nature, and for the exercise of the same the city would not be liable." "(5) That the court erred in its refusal to give the fourth prayer for instructions, as follows: That the city is not liable absolutely for defects in its streets and sidewalks, and that the mere existence of such defects, therefore, is not sufficient to constitute a cause of action; that the city is not held to guarantee safety, but is only held to provide a reasonably safe way of travel, and the ground of liability to private parties for injury while passing over the sidewalks or streets is only a liability for negligence or neglect, and the mere existence of an obstruction or defect is not in itself sufficient; but to constitute negligence it must be shown that the authorities of the city had notice of the defect or obstruction and had power to remedy the same and neglected to do so." "(6) That the court erred in its refusal to give the fifth prayer for instructions, as follows: That if the jury shall find that, from its early days, steps and porches have been allowed upon the sidewalks of the streets, and that they have been used by the property holders from ancient times, the city should not be held liable for failure to compel the removal of the same."

*D. L. Ward* for plaintiff.
*W. D. McIver* for defendant.

HOKE, J., after stating the case: Considering the defendant's assignments of error in reverse order, the position taken, that the projection of the steps upon the sidewalk was sanctioned by the continuous existence of such a condition for twenty-five or more years, cannot be sustained. If this projection of the steps was such an obstruction of the street that it amounted to an actionable wrong, it cannot be rendered lawful by lapse of time, however great. As said in Elliott on

146—29

Roads and Streets (2d Ed.), p. 706: "No length of time will render a public nuisance, such as the obstruction of a highway, legal, or give the person guilty of maintaining it any right to continue it, to the detriment of the public. Each day's continuance of such a nuisance is an indictable offense." Where an obstruction is a wrong of this character, a city government can neither validate it by grant nor sanction it by acquiescence; and, having the power, in the exercise of its ministerial functions, of summary abatement, the city is responsible to an individual who is injured by its existence, when the injured person is himself in the exercise of due care. *State v. Railway,* 141 N. C., p. 736; Elliott on Streets and Roads, pp. 700, 705, 965.

As to the second position, we have held, in *Fitzgerald v. Concord,* 140 N. C., 110: "(*a*) The governing authorities of a town are charged with the duty of keeping their streets and sidewalks, drains, culverts, etc., in a reasonably safe condition; and their duty does not end at all with putting them in a safe and sound condition originally, but they are required to keep them so, to the extent that this can be accomplished by proper and reasonable care and continuing supervision. (*b*) The town does not warrant that the condition of its streets, etc., shall be at all times absolutely safe. It is only responsible for negligent breach of duty, and to establish such responsibility it is not sufficient to show that a defect existed and an injury has been caused thereby. It must be further shown that the officers of the town 'knew, or, by ordinary diligence, might have discovered the defect,' and the character of the defect was such that injuries to travelers therefrom might reasonably be anticipated." And the same doctrine has been announced in several other decisions of the Court. As to the city's knowledge of these steps, the authorities must have had knowledge of them, or such knowledge will be imputed, for they had existed in like condition for as much as thirty years, and in the present case this portion of the prayer is not ma-

terial; but we think that the principle of these decisions is embodied in the prayer as a whole, and there was error, to defendant's prejudice, in not giving the same, or some substantially similar instructions.

Again, we think that the prayer indicated in defendant's fourth assignment of error is sound, as a general proposition, and is correct as applied to the facts of the case. In the absence of statutory requirement, a city is under no legal obligation to light its streets, and such obligation does not arise or exist from the fact that the city has been given the power to light them. And where a city or town has undertaken the duty, the placing and character of the lights must be allowed to rest very largely in the discretion of the authorities. *Brown v. Durham,* 141 N. C., 249; *City of Columbus v. Simms,* 94 Ga., 483; *Carravan v. Oil City,* 183 Pa. St., p. 611; *Macomber v. Taunton,* 100 Mass., 255; *Randall v. Railway,* 106 Mass., 327; *Freeport v. Isbell,* 83 Ill., 440; Elliott on Roads and Streets, sec. 623. Undoubtedly, temporary obstructions and hindrances on a highway, or permanent conditions, may be such that an absence of lights at the particular locality would import negligence, and to this principle possibly may be referred the decision in *Chicago v. Powers, admx.,* 42 Ill., p. 169. But when the streets of a municipality are otherwise reasonably safe, the weight of authority and the better reason are to the effect that neither the absence of lights nor defective lights is in itself negligence, but is only evidence on the principal question, whether, at the time and place where an injury occurred, the streets were in a reasonably safe condition. As said by *Mr. Justice Dean,* delivering the opinion in *Carravan v. Oil City, supra:* "As to whether sufficient light was provided by the city on the night of the accident, we may briefly say that there is no legal obligation on a municipality to light its streets, when their construction is reasonably safe for travel. That is solely a question for the municipal legislature. It may do many things not enjoined by law to promote the gen-

eral well-being and comfort of a citizen; but, in not doing that which no statute commands, negligence cannot be imputed to it. This, however, in no sense relieves it from the duty of that ordinary care which requires that temporary excavations for building purposes should be exposed by proper light, or that temporary obstructions of the streets by building material should be made conspicuous in the same way." There is nothing in our present decision which in any way conflicts with the case of *Fisher v. New Bern,* 140 N. C., 506. That was an action for an injury caused directly by the negligence of defendant in the operation and management of its plant. A live wire had fallen and was negligently permitted to remain in a menacing condition, whereby one on the highway was hurt. The city was held responsible, chiefly because it appeared that the plant was being operated not only in the public lighting of the streets, but in selling lights to private persons for gain. The opinion, in express terms, excludes all consideration of the question as to how far the city could be held responsible for negligence when engaged solely in supplying lights to the public. As a matter of fact, that decision is not an apposite authority in the present case at all, for the primary and controlling question here is whether the streets were in such a dangerous condition as to import negligence against the municipality, and whether such negligence was the proximate cause of plaintiff's injury; and the presence or absence of lights, or the condition of lights at the time, is only evidential on the issue.

For the errors indicated, the defendant is entitled to a new trial of the cause, and it is so ordered.

New Trial.