### ELIZA SMITH v. CITY OF WINSTON.

(Filed 23 April, 1913.)

**Cities and Towns—Streets and Sidewalks—Negligence—Reasonable Care—Instructions—Appeal and Error.**

A city is required to maintain its streets and sidewalks in a reasonably safe condition for the safety of the public, and to exercise ordinary care and due diligence to see that they are so kept and maintained, and a charge which in effect requires the city to keep its streets and sidewalks in safe condition, and holds it responsible in damages to a pedestrian injured by a defect therein, without negligence on his part, makes the city insure or warrant the safe condition of its streets, and is *Held* for reversible error.

APPEAL by defendant from *O. H. Allen, J.,* at September Term, 1912, of FORSYTH.

This action was brought to recover damages for injuries to plaintiff, alleged to have been caused by the negligence of defendant. Plaintiff was walking along what is claimed by her to be one of the streets of the city of Winston, when she stepped into a hole or depression in the sidewalk, or very near thereto, and fell, crushing one of her ankles. There was controversy

SMITH *v.* WINSTON.

as to whether the place where she fell was a part of any street or sidewalk of the city or was a part of the property belonging to the Winston Development Company, the streets of which, as shown in the plat, not having been accepted by the city, as claimed by defendant, and several exceptions arose out of this disputed question, which need not be considered in the view taken of the case by the Court. There was a verdict for the plaintiff upon the usual issues of negligence, and judgment thereon. Defendant duly excepted and appealed.

*L. M. Swink and F. M. Parrish for plaintiff.*
*Manly, Hendren & Womble for defendant.*

WALKER, J., after stating the case: There was a conflict in the evidence as to the dangerous condition of the place where the plaintiff alleges that she fell, the description of the witnesses differing materially. The court gave the following instruction to the jury, to which exception was duly taken: "The law requires all cities and towns to keep their streets and sidewalks in safe condition, and on failure to do so, if injury occurs without negligence on the part of the injured party, the city is liable in damages for such injury." We do not understand this to be the true measure of the responsibility of a city or town for the condition of its streets. It carries it beyond the limit fixed by this and many other courts. A city does not insure or warrant the safe condition of its streets. It must keep and maintain them in reasonably safe condition, and exercise ordinary care and due diligence to see that they are so kept and maintained. This is the principle approved and adopted in *Fitzgerald v. Concord,* 140 N. C., 110; *White v. New Bern,* 146 N. C., 447; *Bailey v. Winston,* 157 N. C., 253; *Rock Island v. Gingles,* 217 Ill., 185. In *Fitzgerald v. Concord, supra,* after stating that the authorities of a city or town are charged with the duty of keeping its streets in a "reasonably safe condition" only and to the extent that this can be done by exercising "proper and reasonable care and supervision," *Justice Hoke* says, for the Court, that, "The town, however, is not held to warrant that the condition of its streets shall be at all times absolutely safe. It is only responsible for

negligent breach of duty, and, to establish such responsibility, it is not sufficient to show that a defect existed and an injury has been caused thereby. It must be further shown that the officers of the town knew, or by ordinary diligence might have discovered, the defect, and the character of the defect was such that injuries to travelers therefrom might reasonably be anticipated." We said in *Bailey v. Winston, supra,* approving what was held in *Brusso v. City of Buffalo,* 90 N. Y., 697, that it is the duty of a city to keep its streets in a safe condition by the exercise of reasonable diligence and care to accomplish that end, and to see that they are reasonably free from danger to travelers upon the street. We were there discussing its absolute or primary duty to look after the condition and proper repair of its streets, with reference to the question whether such a duty could be delegated to an independent contractor, but the cases upon the extent of its duty to keep the streets in repair, decided by this Court, were cited and approved. The case of *White v. New Bern, supra,* approving *Fitzgerald v. Concord,* shows clearly the error of the instruction in this case. It is there said, with respect to the identical passage we have quoted from the case, that "The same doctrine has been announced in several other decisions of this Court," showing that the duty of maintenance and reparation does not call for absolute safety as the result of its performance, but only for a reasonably safe condition, although it does exact the exercise of reasonable care, skill, and diligence. The rule is thus briefly stated in 37 Cyc., 285: "Municipalities must use, and are liable to any one injured by their failure to use, at least ordinary diligence at all times to keep the road reasonably safe in view of probable traffic." Many authorities are cited in the notes, and an examination of them shows they fully support the text. The limit of duty on the part of the town with regard to the condition of its highways falls far short of making them absolutely safe under all circumstances, even for those who use them properly. A condition of perfect safety, beyond the possibility of an accident, is, of course, unattainable, but a condition of reasonable safety is required, with the exercise of proper care to produce such a condition of safety, where by statute, as is the

case in some of the States, a more positive and unqualified duty is imposed. *Lane v. Hancock,* 142 N. Y., 510, 521, and cases cited; *Moriarity v. Lewiston,* 98 Me., 482; 2 Elliott on Roads and Streets (3 Ed.), p. 186 and sec. 788. The learned judge was, perhaps, misled by certain forms of expression to be found in some of the cases upon this subject, which were used, though, with reference to the particular question then under decision, and which, therefore, should be construed with reference thereto and considered also in connection with the facts and circumstances to which they referred. We cannot say that the error was harmless, as the parties were contending with each other upon every phase of the case, as presented. There was no correction of the error, or explanation of the instruction, other than appears in it, and standing by itself, without quali-fication, it imposed an absolute duty upon the city to keep its street in a safe condition. There was a conflict in the evidence as to the character of the alleged defect in the sidewalk, and as to whether it was not reasonably safe for the use of a pedes-trian situated and circumstanced as the plaintiff was at the time. There was some evidence of daylight sufficient to have made the place reasonably safe, though plaintiff said it was dark. The case should again be submitted to the jury, with proper instructions as to the measure of the city's duty upon the facts and circumstances as the jury may find them to have been at the time of the injury.

New trial.