CHARLES W. CONWAY v. CITY OF KINSTON AND LENOIR OIL AND ICE
COMPANY.

(Filed 13 October, 1915.)

**Negligence—Pleadings—Demurrer—Municipal Corporations—Secondary Liability—Streets and Sidewalks—Nuisance.**

A complaint in an action to recover damages for an injury to a nine-year-old child states a good cause of action when it alleges that the defendant negligently emptied, from its manufacturing plant, quantities of hot water which flowed in an uncovered and unprotected ditch, without any sign of warning, along the edge of a city's sidewalk, obscured by vegetable growth and the steam arising from the hot water, and that the child was seriously injured by falling therein and being scalded; for such, when established, constitute actionable negligence, from the consequences of which the defendant may not relieve itself upon the ground that such conditions amounted to a nuisance, which the city, its co-defendant, should have sooner abated, the liability of the city, if any, being secondary to that of the defendant manufacturing company.

APPEAL by defendant from *Peebles, J.,* overruling a demurrer by the Oil and Ice Company, at June Term, 1915, of LENOIR.

*G. G. Moore and C. L. Abernethy for plaintiff.*
*Rouse & Land for Oil and Ice Company.*

CLARK, C. J. The complaint alleged that the defendant Oil and Ice Company emptied from its plant through a 90-foot pipe into an open ditch on the edge of the sidewalk of a city street hot scalding water, said ditch being uncovered, about 3 feet deep and about 2 feet wide, containing extremely hot water at a depth of from 12 to 24 inches, and that along the edge of the said ditch weeds, tall grass and vapor from said hot water and other obstructions obscured the sight of said ditch, whereby the plaintiff, a child of 9 years of age, who sues by its next friend, fell into said ditch which was left negligently uncovered without sign, signals, lights, or other warnings, whereby the child was seriously injured, and that this was a nuisance which the defendant oil company had maintained for many years, and that the same was actionable negligence. The defendant Oil and Ice Company demurred upon the ground that the ditch was not on its premises, but on the edge of the street of the city, and that no cause of action is stated for that reason, and also on the further ground that it was not fixed with the duty of keeping down the grass and weeds along said ditch. The city did not join in the demurrer.

The demurrer was properly overruled. If the defendant did turn loose a dangerous agency such as hot scalding water into an open ditch along the edge of the street, it was negligence not to safeguard it by a cover or using terra-cotta or iron tubing. It was no protection to this defendant that the city did not take steps to abate the nuisance or re-

quire that the hot water should be poured into a tube in said ditch, or otherwise covered, as a protection to the public.

In *Palmero v. Mfg. Co.*, 130 La., 833, 40 L. R. A. (N. S.), 671, a child of four years of age fell into a street gutter containing hot water which had flowed from the defendant's plant, and was painfully burned. It was held that the defendant was liable for damages, the Court saying: "On principle there is no difference between hot water and a dangerous machine left unguarded in a public place."

In *Smith v. Electric Co.* (Mass.), 15 L. R. A. (N. S.), 957, it was held that where the defendant turned steam into a sewer in such quantities that it enveloped a pedestrian on the sidewalk, whereby he became bewildered and was injured, the company was liable.

In *Aurora v. Seidelman*, 34 Ill. App., 285, a ditch had been dug in the street for the purpose of laying water pipes, and water had been run in to soften the dirt to make it settle more speedily, whereby the bank caved in, and no guard being stationed, it was held that the defendant was liable for the death of a child who was watching a frog in the ditch when the ground beneath gave way, which threw him into the ditch and fatally injured him.

In *Kerpi v. Mining Co.* (Minn.), 131 N. W., 372 (see, also, 34 L. R. A. (N. S.), 118, and notes), upon a complaint which charged that the defendant maintained an unprotected vat in the public street into which it discharged hot water from a boiler on its adjoining property, and a child passing by, stopping to look at the vat, was alarmed by other children playing in the vicinity, which caused him to slip and fall into the vat to his serious injury, it was held that the proximate cause of such injury was the unguarded vat.

The duty of cities and towns to keep the streets and sidewalks in proper repair and to forbid or remove nuisances thereon which are likely to cause injury is discussed and maintained in *Bunch v. Edenton*, 90 N. C., 434.

When injury results from nuisances on the streets, it has always been held that the person causing such nuisance, if it produces injury, is liable primarily and the city or town is liable secondarily for its negligence in not abating said nuisance. *Brown v. Louisburg*, 126 N. C., 703; *Raleigh v. R. R.*, 129 N. C., 265; *Gregg v. Wilmington*, 155 N. C., 31; *Guthrie v. Durham*, 168 N. C., 573.

Mr. Moore, of counsel for plaintiff, calls to our attention in his brief the following quotation from *Gibson v. Huntingdon*, 22 L. R. A., 564, which case has been cited by the defendant:

"Was the child using the road for a lawful purpose? Children are not responsible for the choice of their parents, nor the place or condition of their birth. God decides these for them when he breathes into them the breath of life. Poor parents are unable to provide a place of

healthful exercise and play for their children, but it requires all their earnings to clothe, feed and shelter them. The law prohibits them, under the penalty of being trespassers, from entering on the lands of others; and now to forbid them to use the road to its utmost boundary for the purpose of play, when not interfering in any manner with the traveling public, would savor too much of the dark ages of barbarism, when children were subjected to inhuman and diabolical punishments, and their lives were at the mercy of those having charge over them. It is the only commons they now have, and to confine them in the narrow limits of their cheerless tenement houses would be cruel, unjust, and oppressive, blight their young lives, and render their bodies weak, sickly, scrofulous and vile; and if they could manage to escape the long list of contagious diseases so fatal to their kind, they would grow up to adult age morbidly despising laws so tyrannous and unworthy a civilized and liberty-loving people. It is a right they have immemorially enjoyed, and should continue so to do as long as the public fails to provide them other free commons where they can have the pure air, bright sunshine and sportive exercise so necessary to the healthful growth of their sensitive bodies. Horses, cattle, hogs, dogs and other domestic animals are all at large in the streets, unless prohibited by special ordinance; and why not children?"

An adult sustaining injury under these circumstances could recover damages, if not shown guilty of contributory negligence.

The judgment overruling the demurrer is
Affirmed.