MRS. ELIZABETH ROLLINS v. CITY OF WINSTON-SALEM.

(Filed 13 November, 1918.)

1. **Municipal Corporations—Cities and Towns—Negligence—Street Lights—Hydrants—Discretion.**

   While it is the duty of the authorities of an incorporated town to keep its streets and sidewalks in a reasonably safe condition, the placing of street lights and water hydrants are matters left largely to their discretion, and in the absence of its oppression and abuse, no liability attaches for a personal injury thereby caused to a pedestrian.

.2. **Municipal Corporations—Cities and Towns—Negligence—Shade Trees.**

> Trees along the sidewalk in a town are for a useful purpose and not inconsistent with the object for which streets are made and maintained; and where ample room is left to answer the demands of travel, the city will not be held liable in damages solely because the shadow of a tree cast by an electric street light on a hydrant near the curbing of the sidewalk prevented a pedestrian seeing the hydrant.

:3. **Same—Electric Lights—Shadows—Hydrants—Duty of Pedestrians—Evidence—Nonsuit—Trials.**

> Pedestrians upon the sidewalk of a city are required to observe care in looking out for hydrants properly placed near the curbing of the sidewalk, and damages may not be recovered of the town for injuries received from stumbling over one of them so placed within the shadow of a tree cast by an electric street light, in the absence of other evidence tending to show negligence therein on the part of the authorities of the town.

APPEAL by plaintiff from *Lane, J.,* at the September Term, 1918, of FORSYTH.

This is an action to recover damages for personal injury caused, as the plaintiff alleges, by the negligence of the defendant.

On the night of 7 October, 1917, the plaintiff, while walking on the sidewalk on the right-hand side of Liberty Street, going north, stumbled over a fire hydrant, injuring her left arm. The hydrant was about 26 inches high and was within 7 inches of the outside curb, the hydrant itself being 8½ inches thick, making the side of the hydrant farthest from the outside of the curb 15½ inches. This hydrant was located in a block between Patterson Avenue on the south and White Street on the north. At Patterson Avenue, which was 316 feet from the hydrant, there was a high-power electric street light and at White Street, which was 468 feet from the hydrant, there is such light. The sidewalk at this point is some seven or eight feet wide and is paved from property line to curb with concrete. In other parts of the city the sidewalk is not paved to the curb.

The plaintiff introduced evidence tending to show that on account of the presence of a tree near this hydrant and the distance from the street lights, it was so dark that a person walking along the sidewalk could not see it. Some fifteen or twenty feet away from the hydrant, both north and south of it, was located a telephone or electric light pole about the same distance from the curb as the hydrant. The evidence disclosed that this hydrant, like other hydrants in this city, was placed in the edge of the sidewalk next to the curb and just far enough from the curb so that the part of the hydrant to which the hose was to be attached would clear the driveway.

At the conclusion of the evidence there was a judgment of nonsuit, and the plaintiff excepted and appealed.

*Fred M. Parrish for plaintiff.*
*Manly, Hendren & Womble for defendant.*

Allen, J. It is the duty of the municipal corporation to maintain its streets and sidewalks in a reasonably safe condition, and a failure to do so is negligence, which subjects the corporation to liability for injuries proximately resulting therefrom. *Sehorn v. Charlotte,* 171 N. C., 541.

In the performance of this duty, wide discretion is given to the governing authorities, and the courts are loath to interfere with its exercise, and will usually decline to do so unless it is grossly abused or is oppressive. *Small v. Edenton,* 146 N. C., 529; *Rosenthal v. Goldsboro,* 149 N. C., 135.

It is not an absolute duty imposed on the corporation to light its streets, and when it does so the placing of the lights is left largely to its discretion (*White v. New Bern,* 146 N. C., 447), and the same rule prevails as to the location of the hydrants for fire protection when placed near the curb.

"Grass plots are ornaments and shade trees along the sidewalk give protection from the heat in summer. While they may be obstructions, yet when ample width is left to answer the demands of travel, they are such obstructions as serve a useful purpose and are not inconsistent with the object for which streets are made and maintained. Like a fence, a hydrant, a hitching post, telegraph or telephone poles, they are lawful obstructions." *Teague v. Bloomington,* 40 Ind. App., 68.

"While it is the duty of a municipal corporation to use reasonable care to keep its streets in a safe condition to drive upon, it has the right to devote the sides of the streets to other useful public purposes, provided it leaves an unobstructed driveway of ample width for the passage of teams. It may construct sidewalks of a higher grade and gutters of a lower grade than the driveway, place curbing on the line of the gutters, erect hydrants and authorize the erection of hitching posts and stepping stones as well as poles to support the wires of telegraph and telephone lines; it may lay out grass plots on the sides of the streets, set out trees therein, and protect both grass and trees from injury by fences or other reasonable means. . . . In the case before us, a large stone took the place of curbing in order to keep people from driving over the grass and against the trees. While it was an obstruction, it was a lawful obstruction, the same as a fence, hydrant, or telegraph pole." *Daugherty v. Horseheads,* 159 N. Y., 154.

Persons using the sidewalks are required to take notice of these conditions and of the uses to which the sidewalks may legitimately be put. They "must take notice of such structure as the necessities of com-

merce or the convenient occupations of dwelling-houses" require. *Russell v. Monroe,* 116 N. C., 727.

Applying these principles, there is no ground upon which the defendant can be held liable, as there is no evidence of an abuse of discretion in the location of the lights or hydrant, and the injury to the plaintiff was caused, as she says, because she went too close to the hydrant at the curb, where she might reasonably expect an obstruction of this character.

As said in *Herman v. Philadelphia,* 194 Pa., 542, a case which covers all phases of this appeal: "As fire plugs are a clear public necessity, and, cannot be placed in the open highway, and as they must be placed in such a position as to be easily accessible in case of fire, there is no other position for them but on the sidewalks, and it is the universal practice to locate them there. The municipality is the sole authority to determine this matter, and, of course, as we have frequently held, their discretion is not to be held subject to the verdict of juries. The city is under no legal obligation to light its streets and cannot be held responsible for an alleged insufficiency of light."

We are of opinion the judgment of nonsuit was properly entered.

Affirmed.