MRS. CHESTER O. BELL v. THE CITY OF RALEIGH.

(Filed 24 November, 1937.)

**Municipal Corporations § 14—Recovery for injuries caused by defect in sidewalk held not barred by contributory negligence as matter of law.**

The evidence tended to show that plaintiff, while walking on a sidewalk in defendant city, after sunset when it was nearly dark, stepped into a hole four or five inches deep caused by the sinking of one of the concrete blocks of the sidewalk, and as a result thereof sustained serious and permanent injury. *Held:* The evidence does not disclose contributory negligence barring recovery as a matter of law, a pedestrian having the right, ordinarily, to assume that the municipality has used reasonable care to keep the sidewalks in proper condition for the purpose for which they were constructed, and not being required by law to search for defects. *Burns v. Charlotte,* 210 N. C., 48, distinguished in that the injury in that case occurred in broad daylight.

APPEAL by defendant from *Spears, J.,* at February Term, 1937, of WAKE. No error.

This is an action to recover damages for personal injuries which the plaintiff suffered when she inadvertently stepped into a hole or depression about four or five inches deep in a paved sidewalk within the corporate limits of the city of Raleigh while she was walking on said sidewalk between five and six o'clock p. m. on 30 November, 1935.

The issues submitted to the jury at the trial of the action were answered as follows:

"1. Was the plaintiff injured by the negligence of the defendant as alleged in the complaint? Answer: 'Yes.'

"2. If so, did the plaintiff by her own negligence contribute to her injuries as alleged in the answer? Answer: 'No.'

"3. What damages, if any, is the plaintiff entitled to recover of the defendant? Answer: '$2,000.'"

From judgment that plaintiff recover of the defendant the sum of $2,000, and the costs of the action, the defendant appealed to the Supreme Court, assigning as error the refusal of the trial court to allow its motion for judgment as of nonsuit at the close of all the evidence.

*Douglass & Douglass and Thomas W. Ruffin for plaintiff.*
*Clem B. Holding for defendant.*

CONNOR, J. At the trial of this action the evidence for the plaintiff tended to show that between five and six o'clock p. m.—after sunset—on 30 November, 1935 the plaintiff left the home of Mrs. J. W. Goodman on Woodland Avenue, in the city of Raleigh, and walked to the sidewalk in front of Mrs. Goodman's home; that when she reached the sidewalk she walked in a northerly direction towards her husband's automobile which was parked on the street near the curb of the sidewalk; that when she had walked on the sidewalk a short distance she stepped into a hole or depression in the sidewalk about four or five inches deep and thereby twisted her right ankle and knee, causing injuries to her right leg which were painful and are permanent.

The sidewalk in front of Mrs. Goodman's home was paved with concrete blocks, each block being about five feet square. One of these blocks had sunk below the level of the sidewalk, causing a hole or depression about four or five inches deep. The defendant was notified by Mrs. Goodman some time during the summer of 1935 of the defective condition of the sidewalk in front of her home, and had promised Mrs. Goodman that it would repair the sidewalk. Notwithstanding such notice and such promise, the defendant had failed to repair the sidewalk prior to the time the plaintiff was injured when she stepped into said hole or depression.

The plaintiff had no notice or warning of the defect in the sidewalk on which she was walking at the time she was injured, and did not see the hole or depression prior to her injuries. It was nearly dark—after sunset—and she assumed that the sidewalk was level and free from defects.

This evidence was submitted to the jury, under instructions of the court in its charge, to which defendant did not except.

On its appeal to this Court the defendant, conceding that there was evidence tending to show that plaintiff's injuries were caused by its negligence, contends that there was error in the refusal of the trial court to allow its motion for judgment as of nonsuit, for that the evidence for the plaintiff shows that as a matter of law she contributed to her injuries by her own negligence as alleged in the answer. This contention cannot be sustained.

In *Neal v. Marion,* 129 N. C., 345, 40 S. E., 116, an instruction by the trial court to the jury to the effect that one who is using a sidewalk or street in a city or town in this State for the purposes for. which the sidewalk or street was constructed and is maintained by the city or town has the right ordinarily to assume that the governing body of the city or town has used reasonable care to keep the sidewalk or street in proper condition, and is not required by the law to search for defects in said sidewalk or street, was approved by this Court.

This principle is applicable in the instant case, which is readily distinguishable from *Burns v. Charlotte,* 210 N. C., 48, 185 S. E., 443, where it was held that the plaintiff could not recover damages for injuries which she suffered when she stepped into a drain across a sidewalk in the city of Charlotte on which she was walking about ten o'clock a. m.

The evidence was properly submitted to the jury. There was no error in the refusal of the trial court to allow defendant's motion for judgment as of nonsuit.

No error.