E. J. FERGUSON, JR., BY HIS NEXT FRIEND, ERIC J. FERGUSON, v. CITY OF ASHEVILLE,

and

WANDA FERGUSON, BY HER NEXT FRIEND, ERIC J. FERGUSON, v. CITY OF ASHEVILLE.

(Filed 25 May, 1938.)

**1. Municipal Corporations § 14—**

A municipality is not an insurer of the safety of its streets, but is under duty to exercise due care to see that they are reasonably safe for travel, and is liable for injuries from dangers which can or ought to be anticipated in the exercise of such duty.

**2. Same—**

The absence of lights or defective lights at a particular place along a street is not in itself negligence on the part of a municipality, but may bear upon the principal question of whether the street at such place is reasonably safe for travel, and the presence of shade trees which diffuse the light is not negligence.

**3. Same—**

A municipality is not relieved of liability for an obstruction in a street solely by the fact that it was placed there by a third person, but after notice of the obstruction it is under duty to exercise ordinary care to make the street reasonably safe.

**4. Same—Evidence held sufficient for jury on question of municipality's negligence in permitting obstruction to remain in street.**

The evidence disclosed that the street in question is twenty-five to thirty feet wide, with a curb six to eight inches high, that a "ramp" to enable cars to go from the street·to adjacent property was permitted to project from the top of the curb into the street for a distance of over 21 inches, its lower end being even with the street, and that the ramp had been permitted to so remain for a number of years. *Held:* The evidence is sufficient to be submitted to the jury on the issue of the municipality's negligence in failing to exercise due care to keep the street in reasonably safe condition for travel in an action by persons injured in an accident resulting when the car in which they were riding struck the ramp.

**5. Same—**

In the absence of knowledge to the contrary, a traveler has the right to act on the assumption that a street is in reasonably safe condition for travel, but he must nevertheless exercise due care for his own safety, and is guilty of contributory negligence if he hits an obstruction which he should have seen and avoided in the exercise of due care.

**6. Negligence § 19b—**

Since defendant has the·burden of establishing contributory negligence, his motion to nonsuit upon the issue should be denied when the relevant facts are in dispute or opposing inferences are permissible from plaintiff's proof.

**7. Trial § 23—**

Contradictions and discrepancies in plaintiff's evidence do not warrant the granting of defendant's motion to nonsuit, and the motion should be denied if plaintiff's evidence, in any aspect, is sufficient to support the cause alleged.

**8. Municipal Corporations § 14—Evidence of whether driver should have seen obstruction held conflicting and nonsuit should have been denied.**

This action was instituted against defendant municipality by the driver of a car and a guest therein to recover, respectively, for injuries sustained by them in an accident at night, resulting when the car hit a ramp projecting into the street. The driver of the car testified that the ramp was of the same color as its surroundings, that the light from a street lamp was diffused by shade trees, that the lights on his car were "all right" but that he could not see the ramp before striking it. The evidence also disclosed that the ramp had been seen regularly by one walking along the sidewalk, and a photograph introduced in evidence tended to show as a physical fact that the ramp was plainly visible. *Held:* The conflicting evidence raised a question of fact for the jury on the question of the negligence of the driver of the car in failing to see and avoid the

obstruction, pleaded as contributory negligence in his action, and inter-
vening negligence in the guest's action, and defendant municipality's
motions to nonsuit should have been denied as to both plaintiffs.

SEAWELL, J., took no part in the consideration or decision of this case.

APPEAL by plaintiffs from *Johnston, J.,* at September Term, 1937, of
BUNCOMBE.

Actions to recover damages for personal injuries inflicted by alleged
actionable negligence.

These two actions grew out of the same occurrence. That of E. J.
Ferguson by his next friend, Eric J. Ferguson, was instituted in Supe-
rior Court, and that of Wanda F. Ferguson by her next friend, Eric J.
Ferguson, in the general county court of Buncombe. Upon motion, the
latter was transferred to the Superior Court. By consent, the two were
consolidated for the purpose of trial.

The plaintiffs allege, and on the trial introduced evidence tending to
show, that: On the night of 17 January, 1937, at about seven-thirty
o'clock, the plaintiff E. J. Ferguson, aged seventeen years, with his
sister, the plaintiff Wanda Ferguson, aged fourteen years, Margaret
Horton, aged ........... years, and Jimmie Bartlett, aged fifteen years,
entered his automobile in front of the residence of his father, Eric
Ferguson, on the west side of Vermont Avenue, in West Asheville, and
started for a ride, traveling south along the west edge of said avenue.
He was driving the car. After passing beyond the block in which his
father lived and over the first intersecting street, Maple Crescent, approxi-
mately two hundred yards from where he started, and while traveling
twenty to twenty-five miles per hour, the right front wheel of the car
struck and mounted a small bridge which the parties call a "ramp,"
deflecting the car over the curbing and into a tree, tearing up the car
and resulting in personal injuries to the plaintiffs.

Vermont Avenue is from twenty-five to thirty feet wide. On the west
side there is a concrete curb, six or eight inches high, with concrete
footing which extends twenty-four to thirty inches out toward the center
of the street, thereby forming a gutter. The remainder of the street is
paved with asphalt. The surfaces of the gutter and the paving come
together on a level. The street is smooth from curb to curb, and
straight.

The "ramp" is constructed of two heavy boards set on and fastened
to an iron frame or girders. It is twelve to fourteen feet long and
extends to within two or three inches of the asphalt paving. It is so
placed that one edge is on a level with the top of the curb and the other
beveled to the level of the gutter, thereby forming a floor or bridge for
driveway into the adjacent lot, for which purpose it was so placed. It
is fastened to iron spikes by chains which act as hinges by which it may

be turned from the street on to the grass plot. More than three years ago city employees were seen lifting the "ramp," cleaning under it and then replacing it. In the grass plot between the sidewalk and the curb, on the west side, there is a row of heavily branched maple trees, described by the witnesses as standing from fifteen to thirty feet apart, and from one to three feet from the curb—one on each side of the "ramp." The one to the south, and with which the car collided, is eight to fifteen feet from the "ramp." There is a small electric light on the west side of the avenue near the corner of Maple Crescent. There is an arc light in the center of the intersection between said avenue and Olney Road, the next street below. The branches of these trees diffuse the rays and obstruct the lights in shining on the "ramp."

Plaintiff E. J. Ferguson, Jr., testified in part that: He and Margaret Horton were sitting on the front seat, and Wanda Ferguson and Jimmie Bartlett on the rear seat. He did not see the "ramp" before he hit it. "You couldn't see the ramp when you were looking for it. It was the same shade as what it sets on. . . . The reason I didn't see the ramp, it is the same as what it sits on. It sets right down low on the street, and you can't tell it from the street." Trees are all around. The street is dark. The street light does not throw light on the "ramp." The lights of the automobile were "all right" and were burning. No other cars were on the street at the time. He had had driver's license about a month, was not accustomed to drive down the avenue, and did not know the "ramp" was there. Miss Horton was lighting a cigarette for him at the time of, or just before the accident. She held it in her mouth while she lit it. The lighted match did not have anything to do with his driving.

Witness J. W. Bartlett, father of Jimmie, testified: That more than three years ago he resided for a year just off Vermont Avenue; that in going to and from his work he walked on the sidewalk on west side of the avenue two to four times each day; and that he saw the "ramp" every time he chanced to look in the direction of its location.

Photographs of the "ramp," exhibited as a part of the record in the Supreme Court, purport to show as a physical fact that the "ramp" is plainly visible.

The plaintiff Wanda Ferguson testified in part: "I was in the back seat. . . . I saw the tree coming, and that is all I can recall."

In each case defendant denies the material allegations of the complaint. In the case of E. J. Ferguson, Jr., by his next friend, defendant pleads contributory negligence in bar of his right to recover. In the case of Wanda Ferguson, by her next friend, defendant pleads the negligence of E. J. Ferguson, Jr., as the proximate cause of the injury, if any, to the guest in the automobile, his sister.

From judgments as of nonsuit, in each case, at close of plaintiffs' evidence, the respective plaintiffs appealed to the Supreme Court and assign error.

*Don C. Young for plaintiffs, appellants.*
*Philip C. Cocke, Jr., and Jones, Ward & Jones for defendants, appellees.*

WINBORNE, J.　Upon the evidence presented on this appeal we are of opinion that the motion for judgment as of nonsuit was improperly entered in each case.

Consideration thereof raises three questions which are determinative of this appeal: (1) Is there sufficient evidence of negligence on the part of defendant to require the submission to the jury of an issue with respect thereto? (2) Is there such evidence of negligence on the part of the plaintiff E. J. Ferguson, Jr., the driver of the automobile, as to insulate any negligence on the part of the defendant as a matter of law? (3) Is the plaintiff E. J. Ferguson, Jr., guilty of contributory negligence as a matter of law? The first question is answered in the affirmative, and the second and third in the negative. *Smith v. Sink,* 211 N. C., 725, 192 S. E., 108.

(1) The duties and liabilities of a municipal corporation with respect to defects and obstructions in its streets have been the subject of numerous decisions of this Court. "The exercise of due care to keep its streets in a reasonably safe and suitable condition is one of the positive obligations imposed upon a municipal corporation." *Speas v. Greensboro,* 204 N. C., 239, 167 S. E., 807, and cases cited.

In the recent case of *Oliver v. Raleigh,* 212 N. C., 466, 193 S. E., 853, *Barnhill, J.,* pertinently states: "Each case must be determined upon its merits. All portions of a public street from side to side and end to end are for the public use in the appropriate and proper method, but no greater duty is cast upon the city than that it shall maintain the respective portions of its streets in a reasonably safe condition for the purposes for which such portions of the streets are respectively devoted."

A municipality is not held to the liability of an insurer of the safety of its streets, but only to the exercise of ordinary care and due diligence to see that they are reasonably safe for travel. *Jones v. Greensboro,* 124 N. C., 310, 32 S. E., 675; *Fitzgerald v. Concord,* 140 N. C., 110, 52 S. E., 309; *Smith v. Winston,* 162 N. C., 50, 77 S. E., 1093; *Alexander v. Statesville,* 165 N. C., 527, 81 S. E., 763; *Sehorn v. Charlotte,* 171 N. C., 540, 88 S. E., 782; *Graham v. Charlotte,* 186 N. C., 649, 120 S. E., 466; *Willis v. New Bern,* 191 N. C., 507, 132 S. E., 286; *Michaux v. Rocky Mount,* 193 N. C., 550, 137 S. E., 663; *Pickett v. R. R.,* 200 N. C., 750, 158 S. E., 398; *Speas v. Greensboro, supra; Haney v. Lincolnton,* 207 N. C., 282, 176 S. E., 573; *Oliver v. Raleigh, supra.*

It is only against danger which can or ought to be anticipated in the exercise of ordinary care and prudence that the municipality is bound to guard. *Dillon v. Raleigh,* 124 N. C., 184, 32 S. E., 548; *Fitzgerald v. Concord, supra; Sehorn v. Charlotte, supra.*

"It is not an absolute duty imposed on the corporation to light its streets, and when it does so the placing of the lights is left largely to its discretion." *Rollins v. Winston-Salem,* 176 N. C., 411, 97 S. E., 211, citing *White v. New Bern,* 146 N. C., 447, 59 S. E., 992. In the latter case the Court said: "When the streets of a municipality are otherwise reasonably safe, the weight of authority and the better reason are to the effect that neither the absence of lights or defective lights is in itself negligence, but is only evidence on the principal question, whether at the time and the place where an injury occurred the streets were in a reasonably safe condition."

It is not negligence to have shade trees along streets. Pertinent statements are made in *Rollins v. Winston-Salem, supra,* to which reference may be made.

The duty and consequent liability of a municipality to keep its streets in a reasonably safe condition for persons traveling thereon extends to those cases where the obstruction of the street is brought about by persons other than agents of the city. *Dillon v. Raleigh, supra; Brown v. Louisburg,* 126 N. C., 701, 36 S. E., 166; *Raleigh v. R. R.,* 129 N. C., 265, 40 S. E., 2; *Jones v. Balsley,* 154 N. C., 61, 69 S. E., 827; *Gregg v. Wilmington,* 155 N. C., 18, 70 S. E., 1070; *Guthrie v. Durham,* 168 N. C., 573, 84 S. E., 859; *Ridge v. High Point,* 176 N. C., 421, 97 S. E., 369; *Bowman v. Greensboro,* 190 N. C., 611, 130 S. E., 502.

After the municipality has notice of the existence of an obstruction, the obligation then arises to exercise ordinary care to make the street reasonably safe. *Neal v. Marion,* 129 N. C., 345, 40 S. E., 116; *Revis v. Raleigh,* 150 N. C., 348, 63 S. E., 1049.

In the instant case there is evidence tending to show that the ramp was placed for the purpose of affording an entry for vehicles into the adjacent property. If it were so placed by a third party, the liability of the city, if any, would be only secondary. The city's fault, if any, would not be in the placing of the ramp, but in the failure to exercise its duty to keep the street in a reasonably safe condition.

Tested by these principles, the evidence is sufficient to take each case to the jury on the issue of actionable negligence. Its probative force is a question for the jury.

(2) On the second question a nonsuit may not be granted unless "it clearly appears from the evidence that the injury complained of was independently and proximately produced by the wrongful act, neglect, or default of an outside agency or responsible third person," *Stacy, C. J.,* in *Smith v. Sink, supra,* and cases cited. *Powers v. Sternberg, ante,* 41.

In the present case there is evidence tending to show that: At the point of the accident the street is straight, level and from twenty-five to thirty feet wide from curb to curb. The ramp extends less than two feet from the west curb. At the time of the accident, there were no other vehicles on the street. Applying the above principle, if, under these circumstances and the conditions surrounding the ramp, the plaintiff E. J. Ferguson, Jr., saw, or by the exercise of reasonable care could have seen the ramp in time to have averted the accident, and the accident followed as a result of his failure so to do, the plaintiff E. J. Ferguson, Jr., would be guilty of such negligence as would insulate any negligence of the defendant in permitting the ramp to remain on the street unguarded, and the defendant would be relieved of liability to both plaintiff E. J. Ferguson, Jr., the driver of the car, and the plaintiff Wanda Ferguson, the guest. On the evidence shown on this appeal, this is a question for the jury.

(3) In the exercise of due care a traveler in the absence of knowledge to the contrary has the right to act on the assumption that the street is in a reasonably safe condition for travel. *Neal v. Marion, supra; Bell .v. Raleigh,* 212 N. C., 518, 193 S. E., 712.

Nevertheless, a person traveling on a street is required in the exercise of due care to use his faculties to discover and avoid dangerous defects and obstructions, the care required being commensurate with the danger or appearance thereof. *Rollins v. Winston-Salem,* 176 N. C., 411, 97 S. E., 211; *Russell v. Monroe,* 116 N. C., 720, 21 S. E., 550, and he is guilty of contributory negligence if by reason of his failure to exercise such care he fails to discover and avoid a defect or obstruction which is visible and obvious. *Pinnix v. Durham,* 130 N. C., 360, 41 S. E., 932.

"The burden of showing contributory negligence is on the defendant, and motion for nonsuit may never be allowed on such an issue where the controlling and pertinent facts are in dispute, nor where opposing inferences are permissible from plaintiff's proof." *Hoke, J.,* in *Battle v. Cleave,* 179 N. C., 112, 101 S. E., 555; *Williams v. Express Co.,* 198 N. C., 193, 151 S. E., 197; *Smith v. Sink, supra.*

In *Lumber Co. v. Perry,* 212 N. C., 713, *Connor, J.,* said: "Notwithstanding apparent inconsistencies and even contradictions in the evidence for the plaintiff, when the evidence in any aspect is sufficient to support the contentions of the plaintiff, it should ordinarily be submitted to the jury, and in such case it is error to dismiss the action by judgment as of nonsuit on motion of defendant."

There is conflict of evidence presented on this appeal on the question of the alleged negligence of the plaintiff E. J. Ferguson, Jr. He testifies that the ramp was of the same color as that portion of the street on which it rested, and for that reason the ramp could not be seen, though the lights of his automobile were "all right." On the other hand, there

is testimony tending to show that the ramp had been seen regularly by one walking along the sidewalk. Then, too, the photograph introduced to illustrate the testimony tends to show as a physical fact that the ramp is plainly visible. If, at the time of the accident, while operating his automobile with the lights on it in good condition, the plaintiff E. J. Ferguson, Jr., in the exercise of due care, considering the time, place, condition of traffic upon the street, and the location and surroundings of the ramp, saw or by the exercise of ordinary care could have seen the ramp in time to avert the collision, and as a proximate result of his failure to see the ramp the accident followed, he would be guilty of such negligence as would bar his recovery. *Hughes v. Luther,* 189 N. C., 841, 128 S. E., 145; *Weston v. R. R.,* 194 N. C., 210, 139 S. E., 237; *Davis v. Jeffrey,* 197 N. C., 712, 150 S. E., 488; *Williams v. Express Co., supra; Speas v. Greensboro, supra; Lee v. R. R.,* 212 N. C., 340, 193 S. E., 395.

With respect to the negligence of the plaintiff, more than one inference may be drawn from the evidence adduced. This presents a question for the jury.

The judgment below is

Reversed.

SEAWELL, J., took no part in the consideration or decision of this case.