JAMES A. MARZELLE, Minor, by His Next Friend, PEARL MARZELLE, v. SKI-LAND MANUFACTURING COMPANY, Conducted and Registered Under That Name by CHESTER BROWN, Sr., C. E. MORGAN, JAMES S. HOWELL, EARLE F. MORGAN and CHESTER BROWN, Jr., as Partners.

(Filed 24 September, 1947.)

1. **Negligence § 4a—**

Evidence that plaintiff slipped and fell to his injury on the sidewalk when he stepped into a mixture of syrup and water which flowed from the doors of defendants' building across the entire sidewalk, and that men were seen working on the inside of the building with brooms, *is held* sufficient to be submitted to the jury on the issue of defendants' negligence and to withstand motion for judgment of nonsuit.

**2. Same—**

Plaintiff's evidence was to the effect that he slipped and fell on the sidewalk when he stepped into a mixture of syrup and water which flowed across the entire sidewalk from the doors of defendants' building, that cars were parked at the curb adjacent to the sidewalk, and traffic in the street prevented a person from walking in the street outside the parked cars, and that the substance had the appearance of dirty water with nothing in its appearance or odor to import danger therefrom. *Held:* Whether defendant was guilty of contributory negligence was a question for the jury.

**3. Negligence § 19c—**

Judgment of involuntary nonsuit on the ground of contributory negligence cannot be upheld unless the evidence is so clear on that issue that reasonable minds could draw no other inference.

APPEAL by plaintiff from *Patton, Special Judge,* at March Term, 1947, of BUNCOMBE. Reversed.

This was an action to recover damages for a personal injury due to a fall on the sidewalk in front of defendants' building. It was alleged that plaintiff's fall was caused by the defendants' negligence in sweeping syrup or other slippery substance from their building on to the sidewalk.

At the conclusion of plaintiff's evidence, motion for judgment of nonsuit was allowed, and plaintiff appealed.

*Lamar Gudger for plaintiff, appellant.*
*Harkins, Van Winkle & Walton for defendant, appellee.*

DEVIN, J. Considering the evidence in the light most favorable for the plaintiff, we think it was of sufficient probative value to require submission to the jury, and that the motion for nonsuit was improperly allowed.

Plaintiff testified in substance that on the occasion alleged he was walking on the sidewalk on Southside Avenue, in Asheville, in front of the building occupied and used by the defendants in the manufacture of candy and other confections. Double doors opened out of this building on to the sidewalk. Plaintiff observed flowing entirely across the sidewalk from the open doors to the curb a liquid which looked like dirty water. Pursuing his way he stepped on it, his feet slipped from under him, and he fell on his head and back and sustained injury. He found that the substance was syrup. He testified he didn't know there was any danger and had no idea it was slippery. The substance came out of defendants' building and plaintiff saw men working on the inside with brooms. There were three cars parked in front of the building where he fell and there was so much traffic one couldn't walk in the street out-

side those cars. There was no sign or other warning of the slippery condition of the sidewalk. Another witness testified he was walking on the sidewalk just behind the plaintiff and saw him fall. This witness said the substance on the sidewalk looked like dirty water, off a dirty cement or wood floor. It proved to be syrup and water which had been swept out of the building on to the sidewalk. He said he saw John McAdams, who worked for the defendants, and another, inside the doors and saw McAdams sweep the stuff on to the sidewalk. Cars were parked in front, but it was possible for people to walk in the street beyond those parked cars. This witness testified he could see the substance on the sidewalk and thought it was water, that he went through it and didn't slip, but, said he, "I like to have."

We think the testimony offered by the plaintiff, tending to show that the syrup or slippery substance on the sidewalk was thrown or swept thereon from defendants' building by the defendants' servants in the course of their employment, without notice or warning to pedestrians, was sufficient to afford some evidence of negligence on the part of the defendants, and to withstand a motion for judgment of nonsuit. *Conway v. Ice Co.,* 169 N. C., 577, 86 S. E., 524; *Cole v. R. R.,* 211 N. C., 591, 191 S. E., 353. In this respect this case is distinguishable from the recent case of *Klassette v. Drug Co., ante,* 353, 42 S. E. (2d), 411. Nor was the appearance of the liquid—which looked like dirty water—such as to carry the necessary implication of contributory negligence to one who stepped on it in passing along the street. According to plaintiff's evidence there was nothing in the appearance or odor of the substance on the sidewalk, as he approached, to indicate it was syrup or to import danger therefrom. Whether he used due care under the circumstances was a question for the jury. *Bell v. Raleigh,* 212 N. C., 518, 193 S. E., 712; *Doyle v. Charlotte,* 210 N. C., 709, 188 S. E., 322; *Ferguson v. Asheville,* 213 N. C., 569, 197 S. E., 146; *Watkins v. Raleigh,* 214 N. C., 644, 200 S. E., 424; 13 A. L. R., 79 (note). "It is a familiar rule that a judgment of involuntary nonsuit on the ground of contributory negligence of the plaintiff cannot be rendered unless the evidence is so clear on that issue that reasonable minds could draw no other inference." *Cole v. Koonce,* 214 N. C., 188, 198 S. E., 637.

We conclude from an examination of the evidence in the record before us, that the judgment of nonsuit must be

Reversed.