VANGY CARRICK v. SOUTHERN POWER COMPANY.

(Filed 6 December, 1911.)

1. Cities and Towns — Liability — Independent Contractor—Negligence—Streets and Sidewalks—Pedestrians.

The governing authorities of a town may not absolve themselves of the duty of proper care and supervision as to the condition of its streets and sidewalks, and when they authorize work to be done on them which is essentially dangerous or which will create a nuisance unless special care and precaution is taken, they are chargeable with a breach of duty in this respect, whether the work is being done by a licensee or by an independent contractor.

2. Same—Liability of Independent Contractor.

The same principle of liability as applied to a city's responsibility for the acts of its independent contractor concerning dangerous places negligently left on its streets and sidewalks applies to the city's contractor who sublets the work to an independent contractor—that is, when the work that is being done for their benefit or by their procurement is of the kind to create a nuisance unless special care is taken, they are charged with the duty of safeguarding it, and they may not relieve themselves by delegating this duty to others.

3. Same—Character of Work.

One who has contracted with a city to do work upon its streets and sidewalks may not avoid liability upon the defense that the work was being done for him by an independent contractor, when the negligence complained of was leaving at night a hole 2 feet square at the opening and 4 or 5 feet deep on the

CARRICK *v.* POWER CO.

edge of a sidewalk, extending partly in and leaving only a space of 3 to 5 feet for pedestrians to pass in going to or from their work along an unlighted street, without guard or signal lights of the danger.

4. Cities and Towns—Streets and Sidewalks—Danger to Pedestrians—Contributory Negligence.

In this case the evidence tended to show that the plaintiff fell at night into a hole in the sidewalk negligently left unguarded and without signal lights of the danger, while returning from his work at night: *Held,* no evidence sufficient to be submitted to the jury upon the question of contributory negligence. *Neal v. Marion,* 126 N. C., 412, cited and distinguished.

APPEAL from *Daniels, J.,* at April Term, 1911, of DAVIDSON.

Civil action to recover damages for personal injuries caused by alleged negligence of defendant company.

There were allegations, with evidence, tending to show that on 27 January, 1910, plaintiff, a fireman in a cotton mill, was going to his work along Salisbury Street, in the town of Lexington, N. C., his usual route, and fell into a hole near the edge of the sidewalk and partly on the sidewalk, and was seriously injured; that the hole was about 2 feet square at the top and 4 to 5 feet deep; about one-half of the opening being on the sidewalk and 3 to 5 feet from the inside fence and the hole was left without covering or without lights or warning of any kind and was dug by procurement of defendant company, who were constructing its line through the town, under permission of the municipal government, evidenced by an ordinance granting defendant a license for the purpose.

Defendant denied there was negligence in leaving the hole uncovered; alleged that the work was being done by an independent contractor, for whose conduct defendant was in no way responsible, and further, that plaintiff was well aware of the existence and placing of the hole and was guilty of contributory negligence at the time, and offered evidence in support of these positions. The jury rendered the following verdict:

1. Was the plaintiff injured by and through the negligence of the defendant? Answer: Yes.

2. Did the plaintiff contribute to his own injury by his negligence? Answer: No.

3. What damage, if any, is the plaintiff entitled to recover?
Answer: $1,200.

Judgment for plaintiff, and defendant excepted and appealed.

*McCrary & McCrary and Phillips & Bower for plaintiff.*
*Walser & Walser and Osborne, Lucas & Cocke for defendant.*

HOKE, J., after stating the case: The governing authorities
of a town may not absolve themselves of the duty of proper care
and supervision as to the condition of its streets and sidewalks,
and when they authorize work to be done on them which is essen-
tially dangerous or which will create a nuisance unless special
care and precaution is taken, they are chargeable with a breach
of duty in this respect, whether the work is being done by a
licensee or by an independent contractor. *Bailey v. Winston,*
*ante,* 252, and authorities cited, more especially *Bennett v.*
*Mount Vernon,* 124 Iowa, 537; *Brusso v. City of Buffalo,* 90
N. Y., 697, and see an instructive case on this subject, *City of*
*Baltimore v. O'Donnell,* 53 Md., 110. The same principle holds
as to the obligations of licensees and independent contractors,
doing work of the kind suggested, that is, when the work that
is being done for their benefit or by their procurement is of a
kind to create a nuisance unless special care is taken, they are
charged with the duty of properly safeguarding it, and may not
relieve themselves by delegating the duty to others. *Bridge*
*Co. v. Steinbach,* 61 Ohio St., 375, reported also in 76 Amer.
St., 675; *City of Anderson v. Fleming,* 160 Ind., 597; *Spentz*
*v. Schultz,* 103 Cal., 208; *Curtis v. Kily,* 153 Mass., 123;
*Village of Jefferson v. Clapman,* 127 Ill., 438; *Cameron Mill*
*Co. v. Anderson,* 98 Texas, 156; *Rock v. Construction Co.,*
120 La., 831; *McCarrier v. Hollister,* 15 S. D., 366; Mohl Inde-
pendent Contractors, sec. 75. In *Rock v. Construction Co.,*
*supra,* the Court held as follows: "As a municipal corporation
would itself be liable to a citizen for injury sustained by reason
of its reducing a sidewalk to a dangerous condition, it is evi-
dent that the privilege granted by it to a public utility company
of making excavations therein cannot authorize such company
to leave the excavations so made unguarded and to dispense
with all precautions, whereby those who are rightfully using the

sidewalk may be warned of their existence. Nor can the company in such case escape liability on the plea that an excavation, made under the authority conferred on it and for its account and benefit, has been made by an independent contractor."

In *Bridge Co. v. Steinbach, supra, Marshall, J.,* delivering the opinion, said: "The weight of reason and authority is to the effect that where a party is under a duty to the public or third person to see that work that he is about to do or have done is carefully performed so as to avoid injury to others, he cannot, by letting it to a contractor, avoid his liability in case it is negligently done to another's injury"; and, in the citation to Mohl, *supra,* the author, in reference to street excavations, says, correctly, we think, that "digging trenches in highways or across footpaths has been considered by many, if not most, courts so dangerous as not to be assignable so far as liability is concerned. An incorporated company undertaking to lower the grade of its road while in the receipt of tolls, and while the road is open for travelers, is bound to guard that part retained for public use, to warn travelers of danger threatened by obstructions, and by suitable devices to direct them in the proper route; of which duties it may not divest itself by shifting the responsibility to others." A contrary doctrine which seems to have prevailed in certain cases relied upon by defendant, as in *Hackett v. Telegraph Co.,* 80 Wis., 187; *Smith v. Simmons,* 103 Pa., 32, etc., are expressly disapproved in some of the decisions to which we have referred, and are, we think, contrary to the great weight of authority.

The position chiefly relied upon by defendant, that it is relieved of responsibility, if any existed, because the work was being done by an independent contractor, may not therefore be sustained. The hole, 2 feet square at the opening and 4 or 5 feet deep, on the edge of a sidewalk, extending partly in and leaving only a space of 3 to 5 feet for pedestrians to pass, going to or from their work, along an unlighted street, comes well within the principle stated, and defendant has been properly held responsible for the neglect established and its consequences.

The evidence hardly presents the question of contributory negligence, for the only testimony we find, on the part of de-

fendant, tending to fix knowledge of the existence of the hole on plaintiff, also tends to show that the hole was being covered over; but if it were otherwise, the question was submitted under the principles recognized as sound in *Russell v. Monroe,* 116 N. C., 721, and there is no error, to defendant's prejudice, in having referred the matter to the jury's decision. In *Neal v. Marion,* 126 N. C., 412, the claimant, with full knowledge of conditions and contrary to the general custom, had voluntarily chosen to go along an abandoned and neglected walkway when there was a good safe way provided on the opposite side of the road, and the case has no proper application to the facts presented here. There is no error, and the judgment on the verdict is affirmed.

No error.