### SAM GOLDSTEIN v. SOUTHERN RAILWAY COMPANY ET AL.

(Filed 26 November, 1924.)

**1. Carriers—Railroads—Negligence—War.**

Where under war control an excavation was made on railroad lands near a publicly used road, which without a protecting rail, was a menace to travel, and after the release of the carrier from such control, the railroad company left this dangerous condition for an unreasonable length of time, and proximately caused damages to the plaintiff's automobile and personal injuries to himself, without contributory negligence on his part, the fact that the excavation was made while the railroad was under war control does not prevent a recovery.

**2. Same—Notice—Evidence.**

Where a railroad company has maintained a menacing and dangerous condition on its own land near a publicly used street of a city, and is sued for alleged negligent damages by one injured thereby, it is competent for the plaintiff to show that the mayor of the town had previously called this condition to the attention of the defendant company, and requested the defendant to properly safeguard the public from the danger.

**3. Same—Roads and Highways—Permissive User—Nonsuit—Questions for Jury.**

> Evidence tending to show that defendant railroad company had continuously maintained a menacing and dangerous condition on its land near a road used by the public, and that the plaintiff received injuries caused thereby, is sufficient under the facts of this case to take the case to the jury upon the issue of defendant's actionable negligence, though the road had not been dedicated by the owner to the public.

APPEAL by defendant from *Long, J.,* at March Term, 1924, of CLEVELAND.

This is an action for damages resulting from personal injuries and injuries to an automobile alleged to have been caused by the negligence of defendants in maintaining on their right of way, adjacent to a road used by the public, a deep hole or excavation and failing to erect around or about the same a fence, railing or other guard for the protection of travelers on the said road. Evidence offered by plaintiff tended to show the following facts:

On 24 April, 1922, the automobile in which plaintiff was driving along a road leading from a street in the town of Kings Mountain to the plant of a lumber company, situate some distance from the street, skidded, ran off the road and onto defendant's right of way. There was on the right of way, near the road, a large hole caused by excavations made during the construction of a concrete bridge over defendant's right of way connecting two streets in the said town. The bank on the right of way immediately adjacent to the road was caved or hollowed out, like a shell and the soil from the road to the hole was soft and muddy. From the center of the road to the bank of the railroad was about eight feet. The dirt taken from this hole was used in the construction of the concrete bridge while defendant's property was under Federal control during the years 1918 and 1919. This property had been returned to defendant on 1 March, 1920. The hole or excavation had been permitted by defendant to remain upon its right of way and no fence, railing or other guard had been erected around or about the hole, so that on 25 April, 1922, there was no protection for a traveler on the said road who for any cause was diverted from the road to the right of way.

The plaintiff was driving on the road at a rate of speed not exceeding four miles per hour; there was nothing wrong with the brakes or steering apparatus of plaintiff's car. The road was slippery and this caused the car to skid. Plaintiff cut off the gas and put on his brakes but notwithstanding his efforts, he lost control of the car which, leaving the road and going upon defendant's right of way, fell into the hole or excavation, with the result that the car was demolished and the plaintiff sustained serious personal injuries.

The road upon which plaintiff was driving was not maintained by the town of Kings Mountain as a street. It had been used for more than five years by persons who had occasion to go to the plant of the lumber company or to a public gin located near said plant. This road was about 25 feet wide and was generally used by the public. The mayor of the town of Kings Mountain had called the condition upon defendant's right of way caused by the maintenance of said hole or excavation to the attention of the division superintendent of the defendant and also to the attention of defendant's agent at Kings Mountain and had requested them to put up a rail or other guard about the hole for the protection of persons traveling on the said road.

At the conclusion of plaintiff's evidence defendant's motion for non-suit was overruled and defendant excepted. Defendants did not offer evidence. Upon the verdict returned by the jury, judgment was rendered that plaintiff recover of the defendants the sum of $150 as damages for injury to his automobile and $500 as damages for his personal injuries. From said judgment defendants appealed. Assignments of error appear in the opinion.

*O. Max Gardner for plaintiff.*
*Ryburn & Hoey and O. F. Mason for defendants.*

CONNOR, J. Defendants assign as error the refusal of the court to sustain their objection to the testimony of the mayor of Kings Mountain, that he had notified the defendants of the conditions on their right of way and requested them to erect a fence, rail or other guard about the hole for the protection of the public and of the town. This assignment is not sustained. Defendants, as a defense to plaintiff's action, in their answer had denied that they excavated the hole or constructed the concrete bridge, alleging that this was done by the Director General of Railroads during the period of Federal control. Plaintiff alleged negligence not only in the original excavations of the hole, but also in the continued maintenance of it without sufficient guard. It was competent for plaintiff to show that defendants maintained the condition after 1 March, 1920, with express notice of the situation given by the town within whose corporate limits its property was included; *Bunch v. Edenton,* 90 N. C., 431.

Nor was there error in refusing defendant's motion for nonsuit. This Court held in *Bunch v. Edenton, supra,* that a town is liable in damages to one who receives an injury by falling into an excavation near the sidewalk (made by the owner of a lot for a cellar) when it appears there was no concurring negligence and the municipal authorities failed to cause to be erected a railing to prevent accidents to passersby. The

question as to the liability of the owner of the lot upon which the excavation had been made was not presented in this case but the court strongly intimates that such owner was also liable for the damages resulting from the injury.

In *Monroe v. R. R.,* 151 N. C., 374, the owner of a lot, on which was a hole or pit, was held not liable to one who came upon the lot as a trespasser or as a mere licensee; but *Manning, J.,* citing *Bunch v. Edenton,* expressly distinguishes the law as applied in that case from the law as applied to the facts in *Bunch v. Edenton.* In *Monroe v. R. R.,* plaintiff went upon defendant's property as a mere licensee and the court held that the owner of the property was under no duty to keep his premises in a suitable condition for those who came upon them solely for their own convenience or pleasure or who were not either expressly invited or induced to come upon the property. In *Bunch v. Edenton,* the plaintiff was walking upon the sidewalk at night and being unable to see the pit, missed the sidewalk, stumbled and fell into the pit, and was thereby injured.

In the instant case, the plaintiff did not go upon defendant's right of way as a wrongdoer or as a licensee. He was there as the result of an accident. He was rightfully on the road which, although not dedicated as a public road by the owner of the land over which it passed, nor maintained by the public authorities as a public road, had been used by the public for more than five years with the permission of the owner. Defendants, of course, are not liable for the slippery condition of the road nor for the skidding of plaintiff's car. The proximate cause, however, of plaintiff's injury was his falling into the hole on defendant's right of way. If the hole or excavation had not been there or if a fence or rail had been erected between the road and the hole, the plaintiff would not have been injured.

In *Autrey v. Southern R. R.,* the Court of Appeals of Georgia, in an opinion filed 13 March, 1924, 123 S. E., 752, holds the defendant liable in damages to the plaintiff who was injured by falling into a deep and dangerous hole on the defendant's property as a result of his automobile being deflected from the road on which he was driving.

We fail to discover in the evidence offered by the plaintiff any facts upon which the jury could have found that plaintiff was guilty of contributory negligence. There was no concurring negligence, and no railing, fence or other guard to prevent accidents to travelers on the road. The town had requested the defendants to place a railing or other protection along the edge of the road. This defendants had failed to do. Their negligence was the proximate cause of plaintiff's injury and they are liable to plaintiff for the damages assessed by the jury.

No error.