WALTER WALKER v. NANTAHALA POWER AND LIGHT COMPANY.

(Filed 4 January, 1933.)

Negligence C a—Evidence held not to disclose contributory negligence barring plaintiff's recovery as matter of law.

The defendant power company dug a hole in a public street and threw the red clay therefrom upon the sidewalk of the town. Rain wet the clay and caused it to become slippery. The plaintiff, while walking along the sidewalk before day, slipped on the mud and fell into the hole, resulting in serious injury. There was evidence that plaintiff knew all the conditions of the street and sidewalk at the place in question. *Held,* the defendant's motion as of nonsuit on the ground of contributory negligence was properly refused, the plaintiff having no reason to foresee that he would slip and fall into the hole, and the conditions of the sidewalk not being sufficient to require the plaintiff to leave it and walk in the street for his own safety.

APPEAL by defendant from *Sink, J.,* at August Term, 1932, of CHEROKEE. No error.

This is an action to recover damages for personal injuries suffered by the plaintiff, and caused, as alleged in the complaint, by the negligence of the defendant. The defendant denied liability, chiefly on the ground

26—203

that plaintiff, by his own negligence, as alleged in the answer, contributed to his injuries.

At the close of the evidence for the plaintiff, the defendant moved for judgment as of nonsuit. The motion was denied, and the defendant excepted.

The evidence was submitted to the jury. The issues were answered as follows:

"1. Was the plaintiff injured by the negligence of the defendant, as alleged in the complaint? Answer: Yes.

2. If so, was said injury contributed to by his own negligence, as alleged in the answer? Answer: No.

3. What damage, if any, is the plaintiff entitled to recover of the defendant? Answer: $4,000."

From judgment on the verdict that plaintiff recover of the defendant the sum of four thousand dollars, with interest and costs, the defendant appealed to the Supreme Court.

*W. Witherspoon and Johnston & Horner for plaintiff.*
*Moody & Moody, J. B. Gray and S. W. Black for defendant.*

CONNOR, J. Sometime early in December, 1931, the defendant dug a hole in a public street, at the edge of the sidewalk along said street, in the town of Andrews, N. C. The earth taken from the hole was thrown on the sidewalk, and remained there. Following a rain, mud accumulated on the sidewalk opposite the hole. The sidewalk was five or six feet wide, and had been covered with saw-dust. Neither the street nor the sidewalk was paved.

Plaintiff, a resident of the town of Andrews, while walking along the sidewalk, before daylight on the morning of 15 December, 1931, slipped because of the mud on the sidewalk, and fell into the hole, which was five or six feet deep. As the result of his fall into the hole, plaintiff's left hip was dislocated, and badly injured. At the time of the trial, in August, 1932, plaintiff could not walk without the aid of crutches. He is now about 49 years of age. He is a merchant. His injuries are permanent.

The hole in the street, at the edge of the sidewalk, was dug by the defendant about seven days before the plaintiff was injured. He knew the location of the hole, and knew that it was not covered or enclosed. He had passed along the sidewalk opposite the hole, at least three times a day since the hole was dug by the defendant. He also knew that earth taken from the hole had been thrown on the sidewalk, and that mud had accumulated on the sidewalk, as the result of rain falling on this earth.

He was walking on the sidewalk, and not on the street, at the time he slipped and fell in the hole. There was no evidence tending to show that plaintiff was temporarily inadvertent to the location of the hole, or to the presence of mud on the sidewalk, at the time he slipped and fell into the hole.

The defendant, conceding that there was evidence at the trial tending to show that it was negligent as alleged in the complaint, and that plaintiff's injuries were caused by such negligence, contends that the evidence introduced by the plaintiff, shows that he contributed by his own negligence to his injuries, and that for this reason there was error in the refusal of the trial court to allow its motion for judgment as of nonsuit. This contention cannot be sustained.

There was no evidence tending to show that plaintiff was negligent as alleged in the answer. He was walking on the sidewalk as he had a right to do. There were no conditions confronting him which required him to leave the sidewalk, and walk on the street, for his own safety. He had no reason to foresee that he would slip, and fall into the hole at the edge of the sidewalk. But for the negligence of the defendant as alleged in the complaint, plaintiff would not have been injured. There was no error in the refusal of the trial court to allow defendant's motion, and in submitting the evidence to the jury. *Goldstein v. R. R.,* 188 N. C., 636, 125 S. E., 177; *Seagraves v. Winston,* 170 N. C., 618, 87 S. E., 507; *Carrick v. Power Co.,* 157 N. C., 378, 72 S. E., 1065.

Other assignments of error which were discussed on the argument and in the briefs for defendant, have been considered. They cannot be sustained. The judgment is affirmed.

No error.