KATE W. HAM ET AL. v. CITY OF DURHAM.

(Filed 12 July, 1933.)

**Municipal Corporations E c—City held not liable for damages resulting to abutting property by reason of narrowing sidewalk.**

An abutting owner may not recover from a city damages resulting to his property by reason of the fact that the abutting sidewalk has been narrowed in order to widen the street under orders of the city commissioners, the width of the street and sidewalk being within the sound discretion of the commissioners.

APPEAL by plaintiffs from *Small, J.,* at January Term, 1933, of DURHAM.

Civil action to recover damages or compensation for injury to plaintiffs' lot located at "Five Points" in the city of Durham.

The plaintiffs are owners of the triangular building located at the apex of one of the acute angles formed by the intersection of Main and Chapel Hill Streets. In grading, hardsurfacing and widening Chapel Hill Street so as to make it an uniform 40-foot thoroughfare, the commissioners of the city of Durham narrowed the sidewalk on said street, adjacent to plaintiffs' property, from 8 feet to approximately 2 feet in width. And even this remaining strip is not uniform; it tapers and is obstructed by lamp posts and signs. Plaintiffs allege that they have been damaged in a large sum by reason of the virtual destruction of the sidewalk abutting on their property on the Chapel Hill Street side. There is no allegation of negligence on the part of the city in making the change or in doing the work.

The facts are not in dispute. The inconvenience or damage to plaintiffs' property is practically admitted, but the defendant says the widening of Chapel Hill Street was found necessary, and was ordered by the commissioners in the exercise of a sound discretion, and that whatever injury plaintiffs have sustained must be regarded as *damnum absque injuria.*

This view prevailed in the court below, and the plaintiffs have appealed from the judgment of nonsuit.

*Bryant & Jones for plaintiffs.*
*S. C. Chambers for defendant.*

STACY, C. J. In an action involving this same property, and where a diagram of it appears, *Hester v. Traction Co.,* 138 N. C., 288, 50 S. E., 711, *Clark, C. J.,* delivering the opinion of the Court, said:

"The sidewalk is simply a part of the street which the town authorities have set apart for the use of pedestrians. 27 A. & E. Enc. (2 ed.), 103;

*Ottawa v. Spencer,* 40 Ill., 217; *Chicago v. O'Brien,* 53 Am. Rep., 640. The abutting proprietor has no more right in the sidewalk than in the roadway. His rights are simply that the street (including roadway and sidewalk) shall not be closed or obstructed so as to impair ingress or egress to his lot by himself and those whom he invites there for trade or other purposes. *Moose v. Carson,* 104 N. C., 431; *White v. R. R.,* 113 N. C., 610. As said in *S. v. Higgs,* 126 N. C., 1014: 'An abutting owner to a street and sidewalk has an easement in his frontage which he may use in subordination to the superior rights of the public.' Sidewalks are of modern origin. Anciently they were unknown, as they still are in eastern countries and in perhaps a majority of the towns and villages of Europe. In the absence of a statute, a town is not required to construct a sidewalk. *Attorney-General v. Boston,* 142 Mass., 200. It is for the town to prescribe the width of the sidewalk. In the absence of statutory restriction it may widen, narrow, or even remove a sidewalk already established. *Attorney-General v. Boston, supra.* To widen a sidewalk narrows the roadway. To widen the roadway narrows the sidewalk. The proportion of the street to be preserved for pedestrians and vehicles respectively is in the sound discretion of the town authorities."

Neither the industry of counsel nor our own investigation has discovered a case in this jurisdiction which may be said to cover the exact question here presented, but the tendency of the decisions is to regard the matter as resting in the sound discretion of the governing authorities. And so the statutes, dealing with the subject, have been framed upon the same theory. C. S., 2675, 2703, and 2787.

Contrary decisions may be found in other jurisdictions, but with us the principle has been followed with insistence. *Crotts v. Winston-Salem,* 170 N. C., 24, 86 S. E., 792; *Meares v. Wilmington,* 31 N. C., 73. The judgment of nonsuit is accordant with this policy, and will be upheld.

Affirmed.