MRS. ADDIE T. DOYLE v. CITY OF CHARLOTTE.

(Filed 25 November, 1936.)

1. **Municipal Corporations E c—Evidence of negligence and proximate cause held sufficient for jury in this action for injuries from fall on sidewalk.**

    Evidence that plaintiff fell when her foot caught in a broken place in the cement of a sidewalk over a drain pipe, that the broken place was about an inch deep and left the drain pipe exposed, that a small hole had been worn in the drain pipe, and that the edges of the broken place in the pipe were rusty, indicating the defect had existed for a long period of time, *is held* sufficient to be submitted to the jury on the issues of the city's negligence in failing to keep its sidewalk in a reasonably safe condition, and that such negligence was the proximate cause of plaintiff's injuries.

2. **Same—Evidence held not to disclose contributory negligence as matter of law in action to recover for injuries resulting from fall on sidewalk.**

    Evidence that the broken place in defendant city's sidewalk in which plaintiff's shoe caught, causing her to fall and sustain serious injury, was in a business part of the city, and that the sidewalk carried a heavy pedestrian traffic, that the broken place was not readily observable because of its small size and the heavy traffic, *is held* not to disclose contributory negligence as a matter of law in plaintiff's failure to see and avoid the danger.

DEVIN, J., dissenting.

CONNOR, J., concurs in dissent.

APPEAL by the plaintiff from *Shaw, J.*, at April Special Term, 1936, of MECKLENBURG. Reversed.

*A. A. Tarlton and H. Campbell Miller for plaintiff, appellant.*
*Scarborough & Boyd for defendant, appellee.*

SCHENCK, J. This is an action to recover damages for personal injuries to the plaintiff, alleged to have been caused by the negligence of the defendant. At the close of the plaintiff's evidence, the court sustained the motion of the defendant for judgment of nonsuit, to which the plaintiff excepted and appealed.

The sole question presented for our consideration is as to whether the court erred in entering judgment of nonsuit without allowing the case to be submitted to the jury.

The plaintiff alleges that while she was walking north on South Tryon Street in the city of Charlotte, and crossing West Fourth Street where it intersects with South Tryon Street, "she stepped into an open, defective, and unguarded drain pipe and hole near the edge of the sidewalk, whereby her left foot caught and hung therein, causing her to be suddenly and without warning thrown violently to the pavement or curbing, resulting in her serious, painful, and permanent bodily injuries," and that her injuries were proximately caused by the negligence of the defendant "in permitting its sidewalks, curbing, and street, at the place alleged, to become worn, cracked up, defective, and out of repair, allowing thereby a large and jagged hole to be made and worn in said sidewalk and street, as well as in the iron drain pipe therein, and in permitting such hazardous conditions to exist and to continue for a long period of time open, exposed, unguarded, and unremedied, then and thereby creating and continuing a dangerous trap to pedestrians and a menace to human life, and especially to this plaintiff, the defendant, its agents and servants and governing authorities well knowing that its said street, sidewalk, curbing, and drain pipe, at the place alleged, were in such defective, dangerous, and unsafe condition, or by the exercise of due care and continuing supervision the defendant would have known it."

The plaintiff testified: "On 2 November, 1935, I started up town and went up the west side of South Tryon Street. This was on Saturday, between 10:00 and 11:00 o'clock in the morning. When I got to Fourth Street, I noticed the red light was on. This was in front of the Commercial National Bank and the Charlotte National Bank was on the other side of Fourth Street. There was some ten or fifteen persons waiting to cross Fourth Street on Tryon, going in a northerly direction. I was on the west side of the crowd. When the light changed, I started to go across Fourth Street from the southerly side to the northerly side, or from the Commercial National Bank to the Charlotte National Bank.

DOYLE *v.* CHARLOTTE.

When I got across Fourth Street, I stepped up on the curb and stepped in a rough place in the cement and hung my foot on the rough place in the cement over a drain pipe. I did not step in the end of the hollow pipe, but on the top in a ragged part of the cement, and hung my shoe in the top of the iron pipe. The left side of my shoe got hung and when I fell I didn't see anybody on that side of me and I didn't see any automobile there. I do not know who picked me up, but I was picked up. I first saw the place where my foot was hung after I was raised up. My foot came out of it when I fell. It twisted my leg and toes. I was then carried into the Charlotte National Bank, but I don't know by whom." And on cross-examination: "I think I stepped up on the curb with my right foot and when I brought my left one up, it hung on that. I do not know how far up on the curbing I had my right foot. I guess about the length of a foot. There was nothing there obstructing my view. I was looking where I was going but I did not see this cement chipped off over the pipe. There was nothing obstructing my view at all and my eyesight is good."

R. C. Doyle, a son of the plaintiff, testified: "I saw two gentlemen carrying a lady out of the Charlotte National Bank, and I discovered that it was my mother. She said she had hung her foot in a broken place in the cement of the curb at the corner of South Tryon and Fourth streets, on the west side of South Tryon Street, at the corner of the Charlotte National Bank. She showed me the place where she hung her foot. There is a drain pipe that leads down under the sidewalk from the Charlotte National Bank into the street. There is an iron pipe under the sidewalk and in building the street the cement was placed over the top of the pipe about one-half to two inches thick. At the edge of the curbing over the end of the pipe the cement was broken in a 'V' shape and the top of the iron pipe was exposed, and the top of the iron pipe had rusted out in a 'V' shape. The cement showed that it was not freshly broken. This broken place over the pipe must have been about an inch deep. You could see how her shoe could have caught in there. The side of the 'V' shape in top of the pipe had little teeth-like edges and was rusty from having been exposed for some time. The teeth-like edges in the top of the 'V' shape in the pipe had little fragments of leather on them. She showed me where she caught her shoe in the 'V' shape place in the top of the iron pipe. This is the shoe that mother said she had on. The shoe and broken place was measured by me and the shoe would just fit in the broken place."

Taking the evidence in the light most favorable to the plaintiff, we are constrained to hold that there may be drawn therefrom a reasonable inference that the defendant was negligent, as alleged in the complaint, and that such negligence was the proximate cause of the plaintiff's injuries.

We are also constrained to hold contrary to the argument contained in the brief of the appellee that the plaintiff's own evidence establishes contributory negligence on her part. This case is distinguishable from *Burns v. Charlotte, ante,* 48, cited by the appellee, in that the defect complained of in that case was obvious and in a street whereon the traffic was very light, whereas the defect complained of in the instant case required close observation to discover it, and was located on a street upon which the traffic, both vehicular and pedestrian, was very heavy.

In our opinion, the evidence raised a question for the jury on both an issue as to negligence of the defendant and as to contributory negligence of the plaintiff, and for that reason the court erred in refusing to allow the case to be submitted to the jury and in entering the judgment of nonsuit.

The judgment of the Superior Court is

Reversed.

DEVIN, J., dissenting: The mere fact that the plaintiff, an adult, at ten o'clock in the morning, in stepping up from the street to the side-walk, stuck her foot in a small broken place, an inch deep, in the cement covering the curbing, was not, in my opinion, sufficient to show a negligent breach of duty on the part of the city to exercise ordinary care after notice of the defect, or that the accident was one which the city was chargeable with the duty of foreseeing and avoiding.

The plaintiff had a safe way to step up on the sidewalk and avoid stepping on the broken place if she had looked, and had, herself, exercised due care and precaution for her own safety. I think the learned and experienced judge who presided over the trial below was correct in entering judgment of nonsuit under the authority of *Burns v. Charlotte, ante,* 48, and other similar cases.

CONNOR, J., concurs in dissent.