STATE v. M. G. PERRY.

(Filed 4 May, 1949.)

**Automobiles § 30c—**

The portion of a sidewalk between a street and a filling station, open to the use of the public as a matter of right for the purposes of vehicular traffic, is a "highway" within the meaning of G.S. 20-138 prohibiting drunken driving.  G.S. 20-38 (cc).

BARNHILL, J., concurring.

DEFENDANT's appeal from *Harris, J.,* December Criminal Term, 1948, WAKE Superior Court.

*Attorney-General McMullan and Assistant Attorney-General Moody for the State.*

*Hill Yarborough and W. H. Yarborough for defendant, appellant.*

SEAWELL, J.   The defendant was tried in the recorder's court of Zebulon on a warrant charging him with operating a motor vehicle on the highway while under the influence of intoxicating liquor.   On conviction in the recorder's court he appealed to the Superior Court of Wake County, where he was tried upon the same warrant and again found guilty, and appeals to this Court.

The case on appeal presents substantially the following facts:

G. C. Massey, a deputy sheriff of Wake County, saw the defendant at the Texaco filling station in Zebulon.   Witness was parked on the west side of the Esso station on the opposite side of the street.   The first time he saw the defendant his car was in motion, backing away from the gas tank.   Before backing out he had hit the gas tank and in backing out went three or four feet into the street and the witness pulled in front of him.   Witness stated that he was very drunk.

Statement of witness was confirmed by Steve Blackley, who said that the defendant was staggering and he smelled whisky on his breath.   Said he backed three or four or five feet into the street.   "Mr. Perry backed up and we started towards him and he was turning to avoid his bumper hitting the gas tank."   Several witnesses, including Brown, the operator of the gasoline station, were offered for the defendant, who stated that they observed him at the time and that he was not drunk, didn't talk out of the ordinary or in a strange manner, didn't stagger, and did not appear to be intoxicated.

In submitting this evidence to the jury the judge charged as follows:

"I charge you gentlemen that if the State has satisfied you from the evidence beyond a reasonable doubt that if he was on the side-

walk, that part of the sidewalk that vehicles use to come in, used for ingress and egress from the filling station, going in and out, if you find that he was driving there and at the time he was on that part of the sidewalk, then under the influence of intoxicants, it would be your duty to find him guilty of driving on a public highway."

"I charge you that a street from curb to curb is a public highway and I charge you that the place used over the sidewalk, if they used sidewalk going to the filling station, that that is a public highway within the meaning of the law, and if the State has satisfied you from the evidence beyond a reasonable doubt that he drove that car at the time he drove it he was under the influence of intoxicants as I charged you, across that sidewalk, which was used as a public highway that would mean he would be guilty; or if he got out in the street or any part of the street that was a public highway he would be guilty. If he didn't go on any part but the premises of the filling station he wouldn't be guilty."

"The State contends that he went on the sidewalk and the defendant contends that he didn't go anywhere but near the pump. If he came down over any part of the sidewalk, if he drove his automobile on any part of that sidewalk, across the street, it would be your duty to find him guilty if you find from the evidence and beyond a reasonable doubt that he did drive over that sidewalk towards the street."

"That part across the sidewalk for all intents and purposes in this case is according to the Statute."

The question presented is whether a sidewalk is a "highway" within the meaning of the statute under which the defendant was tried, G.S. 20-138, which reads:

"It shall be unlawful and punishable, as provided in G.S. 20-179, for any person, whether licensed or not, who is a habitual user of narcotic drugs or any person who is under the influence of intoxicating liquor or narcotic drugs, to drive any vehicle upon the highways within this state."

The defendant contends that the essential definition of a sidewalk takes it out of the purview of the statute and purpose of the act. He is charged with driving a motor vehicle on the highway while intoxicated; and cites from 25 Am. Jur. 7, p. 343, the definition of a sidewalk as follows:

"A sidewalk is a walkway along the margin of a street or other highway, designed and prepared for the use of pedestrians, to the exclusion of vehicles and horsemen."

This is plausible; and inasmuch as we are considering defendant's performance with a motor vehicle it might turn the scale in favor of the appellant except for the definitions given in Article 3, Motor Vehicle Act of 1937, in which the statute under review is found, and which, therefore, must serve as a specific definition of a "highway" in the construction of this statute. G.S. 20-38 (cc) reads: "Street and Highway. The entire width between property lines of every way or place of whatever nature, when any part thereof is open to the use of the public is a matter of right for the purposes of vehicular traffic."

Whatever may be said of the exclusion of the sidewalk proper, elsewhere, under the definition contended for by appellant, we are compelled to follow the dictionary of the law; and in this instance we do not think it can be denied that vehicular traffic would include ingress and egress over the sidewalk to any place "open to the use of the public as a matter of right for the purposes of vehicular traffic" and that the definition is specially framed to protect the public in any area of the State's jurisdiction where the public has a right to use is vehicular traffic. The fact that the use of the particular place, or crossing of the sidewalk, is to reach a private business is immaterial; since the public generally have the right to use it for that purpose.

While greater clarity of expression in the law might be desirable, the instructions given were not out of line with the construction we have given the statute.

So considered, we find no error in the record.

No error.

BARNHILL, J., concurring: We may not concern ourselves about the distance the vehicle traveled on the public highway, if at all. If defendant, while under the influence of intoxicating liquor, put the vehicle in motion and operated it for any distance on any part of a highway in this State, he is guilty as charged. The one question presented is as to whether a sidewalk is a part of a highway within the meaning of G.S. 20-138.

Decision is made to rest on the definition of "Street and Highway" contained in the statute which created the offense for which defendant was tried. G.S. 20-38 (cc). This is as it should be, for that definition is controlling.

But there is nothing unusual or exceptional about the meaning thus accorded the term. It is generally construed to include sidewalks within the bounds of a public way.

A street is a public highway in an urban community, and a sidewalk is a walkway along the margin of a street or other highway, designed and prepared for pedestrians. 25 A.J. 343.

All portions of a public street from side to side and end to end are for the public use in the appropriate and proper method. *Oliver v. Raleigh,* 212 N.C. 465, 193 S.E. 853; *Wood v. Telephone Co.,* 228 N.C. 605, 46 S.E. 2d 717.

"The courts have universally held that a street includes the roadway, or traveled portion, and sidewalks." *Willis v. New Bern,* 191 N.C. 507, 132 S.E. 286. "The sidewalk is simply a part of the street which the town authorities have set apart for the use of pedestrians." *Hester v. Traction Co.,* 138 N.C. 288; *Ham v. Durham,* 205 N.C. 107, 170 S.E. 137; 25 A.J. 343.

Thus the grass plot between the curb and sidewalk, *Gettys v. Marion,* 218 N.C. 266, 10 S.E. 2d 799, and a parkway in the center, *Spicer v. Goldsboro,* 226 N.C. 557, 39 S.E. 2d 526, are parts of the street.

In respect to the duty of a municipality (1) to keep its streets free from obstructions and in proper repair, and (2) to furnish adequate lights, we have consistently held that the term "street" includes sidewalks. *Ham v. Durham, supra; Wall v. Asheville,* 219 N.C. 163 13 S.E. 2d 260; *Bunch v. Edenton,* 90 N.C. 431; *Russell v. Monroe,* 116 N.C. 720; *Wolfe v. Pearson,* 114 N.C. 621; *Neal v. Marion,* 129 N.C. 345; *Radford v. Asheville,* 219 N.C. 185, 13 S.E. 2d 256; *Waters v. Belhaven,* 222 N. C. 20, 21 S.E. 2d 840; and other cases too numerous to cite.

"The abutting proprietor has no more right in the sidewalk than in the roadway. His rights are simply that the street (including roadway and sidewalk) shall not be closed or obstructed so as to impair ingress or egress to his lot by himself and those whom he invites there for trade or other purposes." *Hester v. Traction Co., supra; Ham v. Durham, supra.*

When he and those whom he invites to visit his premises exercise this right of ingress and egress, they pass from private property to public way at the property line, and the right to use the public way is one conferred by the public. It is the use of this right the statute seeks to regulate.

Motorists are afforded the right to operate their vehicles, not only along and upon the center portion of the highway set apart primarily for vehicular traffic, but also across the sidewalk at designated points for the purpose of entering or passing from private alleys, private driveways, garages, filling stations, and the like.

Intersections and private or semiprivate entrances are used by both the motorist and the pedestrian. These are the real danger points. People who use them, as well as those who use the vehicular traffic lane, are protected against the peril created by the drunken driver.

To hold otherwise would be to say that an intoxicated person may operate his motor vehicle down a crowded sidewalk with impunity in so far as the Motor Vehicle Law is concerned. The Legislature never so

intended and the language used in the statute does not require such a narrow interpretation of the term "highway." The court below correctly concluded that it includes sidewalks.