Clarence E. MORRISEY

v.

Charles Myron CRABTREE and
Howell H. King, Jr.

Civ. No. 272–D.

United States District Court
M. D. North Carolina.

July 3, 1956.

Robinson O. Everett and Daniel K. Edwards, Durham, N. C., for plaintiffs.

J. Grover Lee and Bryant, Lipton, Strayhorn & Bryant, Durham, N. C., for defendants.

HAYES, District Judge.

The defendants rely chiefly on Hodges v. Home Insurance Co., 232 N.C. 475, 61 S.E.2d 372; Townsend v. Carolina Coach Co., 231 N.C. 81, 56 S.E.2d 39, 20 A.L.R. 2d 1174, and Rollins v. North River Insurance Co., 107 W.Va. 602, 149 S.E. 838.

The Hodges case establishes the principle that the statute for substituted service must be strictly construed and although the Insurance Commissioner is designated as the proper person upon

whom service of process may be served, he is not authorized to accept service under the Statute.

The Townsend case is authority to set aside a judgment for excusable neglect where defendant's ticket agent failed to forward the summons and complaint to the defendant.

In the Rollins case, like Hodges, supra, service of summons was accepted by the State Auditor who said he forwarded the summons and complaint on to the defendant by registered mail but there was no receipt showing delivery and an affidavit by defendant's officer that it was not received and the company had no knowledge whatever of the suit. But neither of these cases supports the motions by defendants here.

■■ It is perfectly manifest that if these defendants had accepted their registered mail they would have received ample notice. They knew plaintiff was injured by the truck owned by one and operated by the other defendant on the public streets of Durham, N. C., and that the injured party was demanding damages.

With this knowledge on their part, they refused to accept their registered mail; they did it twice and the conclusion is inescapable that they did it to avoid service. Ordinarily any court would vacate a judgment by default where a meritorious defense exists, but why should the court do so when the defendants by their own conduct are at fault? Dell School v. Pierce, 163 N.C. 424, 79 S.E. 687.

They manifested utter indifference to plaintiff's case even after judgment by default and until the subsequent inquiry on damages and the publication in the daily papers of the judgment entered against them. Then they moved to vacate.

The court's inclination would be to vacate the judgment and allow the defendants to assert their defenses but to exercise discretion in their favor under the circumstances would reward them for their inexcusable conduct in failing, by refusing, to receive the summons and complaint. A sound judicial discretion is not synonymous with the will or whim of the judge. It should be, as Lord Coke said, the will of the law. Judge Walker in Hensley v. McDowell Furn. Co., 164 N.C. 148, 150, 80 S.E. 154, 155, said: "The judge's proper function, when using it, is to discern according to law what is just in the premises. * * * It must be governed by rule, not by humor; it must not be arbitrary, vague, and fanciful, but legal and regular." Morris v. Liverpool L. & G. Ins. Co., 131 N.C. 212, 213, 42 S.E. 577. In Marsh v. Griffin, 123 N.C. 660 at page 669, 31 S.E. 840, 843 is a quotation from Chief Justice Marshall applicable here: " 'It is always * * * "a legal discretion to be exercised in discerning the course prescribed by law. When that is discerned, it is the duty of the courts to follow it. It is to be exercised, not to give effect to the will of the judge, but to that of the law." ' "

■ The defendants invoke N. C. General Statutes § 1–108 which applies to the service of process in this case before judgment because the section is specifically stated in the clause before judgment, but it is to be noted that after judgment the relief then available specifies only service by publication and makes no reference whatever to service on the Commissioner of Motor Vehicles. Had the Act intended to include all types of substituted service, it would have so declared. Having referred to service under sections 1–104 through 1–107.1 in which relief could be granted before judgment, and omitted service under these sections in the clause for relief after judgment, and having made the latter clause applicable to service against whom publication is ordered, the conclusion is inescapable that the relief after judgment was not available to persons served under sections 1–104 through 1–107.1, and hence the defendants are not entitled to relief under section 1–108. Judge Parker, in Bersio v. U. S., 4 Cir., 124 F. 2d 310, 311, at page 314, states the rule applicable here: "It is well settled that the heading of a statute, or section thereof, may not be used to create an ambig-

uity or to extend or restrict the language contained in the body of the statute itself." Missel v. Overnight Transport Co., 4 Cir., 126 F.2d 98, 107; Fides v. Commissioner, 4 Cir., 137 F.2d 731, 734.

 The defendants also contend that this cause of action arose from the operation of a truck on a public street of Durham and that section 1–105 did not authorize service of process except those arising from operation on the public highways; that the amendment of 1955 was not in force which amends the old Statute by adding "or at any other place in this State."

However, the Statute before the 1955 amendment applied to any person operating a motor vehicle on the public highways of the State. Presumably defendants raise the point that a public street is not a public highway of North Carolina. It would be absurd to hold the Section applicable only where accidents occurred in a rural section of North Carolina. Such intent is not apparent in the Act. What reason could have prompted the Legislature to restrict such service to accidents occurring outside of the corporate limits of a town or city when our highways are composed of innumerable streets which carry the State Highway markings and when streets are as much a public highway as are highways outside of city limits? The term "public highways" of this State includes public streets.

The Legislature of North Carolina has power to control the use of the public thoroughfares of this state, although it can, and generally does, delegate to the city powers to regulate and maintain streets. The city authorities are clothed with power to establish and maintain streets to the exclusion of County authorities but the Legislature confers the power on each one. Sudderth v. Charlotte, 223 N.C. 630, 27 S.E.2d 650. It does not follow that a public highway in a State is confined to non-incorporated cities. As said by J. Barnhill in Parsons v. Wright, 223 N.C. 520, at page 521, 27 S.E.2d 534, at page 536: "The term 'street' is ordinarily applied to a public

way in a city, town, or village and the word 'road' to a free public way in the county, while the two—roads and streets—include all public highways by land, whether designated as highway, road, street, alley, lane, place, or boulevard."

Certainly no reasonable person would think of operating a motor vehicle only on the rural highways of North Carolina. He could not travel far without entering the corporate limits of a city. When the Legislature authorized the service of process on a non-resident in an action for damages growing out of an accident occurring on the public highways of North Carolina, it covered accidents on public streets as well as public roads, for both are public highways.

In State v. Perry, 230 N.C. 361, 53 S.E. 2d 288, the defendant was convicted for operating a motor vehicle on a public highway while he was intoxicated. The court instructed the jury that if defendant while intoxicated operated an automobile on the sidewalk or the street, it should convict him because the sidewalk as well as the street was a part of the state public highway. G.S. § 20–138 makes it unlawful to drive any vehicle upon the highways within this state while the driver is under the influence of intoxicating liquor. Art. 3 of the Motor Vehicle Act, G.S. § 20–38(cc) provides: "Street and Highway.—The entire width between property lines of every way or place of whatever nature, when any part thereof is open to the use of the public is a matter of right for the purposes of vehicular traffic." The court sustained the instruction. Article 2, G.S. § 20–6 defines "Highway" as follows: " 'Highway' shall include any trunk line highway, state aid road or other public highway, road, street, avenue, alley, driveway, parkway, or place, under the control of the State or any political subdivision thereof, dedicated, appropriated or opened to public travel or other use."

These statutes dealing with the privilege and responsibilities of persons operating motor vehicles on the public highways of the State, G.S. § 20–78; § 20–22; §§ 20–37, 20–38 and including G.S. § 1–

105 for service of process on a non-resident who has committed a tort in the operation of a vehicle on the public highways of the state, are dealing with the same subject matter and must be considered in *pari materia*. In re Wright, 228 N.C. 584, 46 S.E.2d 696. And it follows that when so construed the service of process in the manner prescribed by G.S. § 1–105 is valid when the cause of action arises from operation by a nonresident of the State of a motor vehicle on a public highway of North Carolina, whether such highway is a rural road or a city street.